Argued and submitted January 10, affirmed April 23, reconsideration denied June 6, petition for review denied August 26, 1986 (301 Or 666)

# KARREN,
*Appellant,*

*v.*

# FAR WEST FEDERAL SAVINGS,
*Respondent.*

## (152823; CA A35594)

717 P2d 1271

Robert R. Trethewy, Salem, argued the cause for appellant. With him on the brief were George M. Jennings, Salem, and Garrett, Seideman, Hemann, Robertson & De Muniz, P.C., Salem.

David H. Wilson, Jr., Portland, argued the cause for respondent. With him on the brief was Amy Segel, Portland.

Before Gillette, Presiding Judge, Pro Tempore, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

This is a claim for wrongful discharge. Plaintiff appeals an order dismissing her complaint for failure to allege ultimate facts sufficient to state a claim. ORCP 21A(8). We affirm.

■ Plaintiff's complaint alleges:

"III

"Plaintiff was employed by Defendant in December, 1974. In August, 1981, Plaintiff worked as a Loan Coordinator in Defendant's Salem Branch under the supervision of Gene Wayne. Plaintiff was single, but was engaged to be married.

"IV

"On November 19, 1982, Plaintiff was terminated from her employment.

"V

"Defendant breached Plaintiff's right to be gainfully employed. The employment decisions regarding Plaintiff's position in the Company were discriminatory because these decisions were based on Plaintiff's sex and marital status."

She first contends that her complaint alleges sufficient facts to put defendant on notice of her claim. She argues that the "employment decisions" alleged in paragraph V of her complaint relate to defendant's conduct generally, including her termination alleged in paragraph IV and that she thus has met the *prima facie* pleading requirements. We agree that, *if* a cause of action exists when an employe alleges that he or she was discharged for becoming engaged to marry, plaintiff's pleadings state such a claim.

Plaintiff next contends that the cause of action does exist. In *Delaney v. Taco Time Int'l.*, 297 Or 10, 15-17, 681 P2d 114 (1984), the Supreme Court set out three supposed categories of wrongful discharge cases. The first category includes cases in which the employe was discharged for fulfilling a societal obligation so that the termination interferes with an important public interest. 297 Or at 15-16. Taking time off to serve on a jury and refusing to give false testimony under oath are examples. *See Nees v. Hocks*, 272 Or 210, 536 P2d 512 (1975); *Petermann v. International Brotherhood of Teamsters*, 174 Cal App 2d 184, 344 P2d 25 (1959).

The second category includes cases in which the employe was discharged for pursuing a right related to his or her role as an employe and the right pursued is one of important public interest protected by federal or state constitutions, statutes or case law. *Delaney v. Taco Time Int'l, supra,* 297 Or at 16. Discharging an employe for filing a workers compensation claim is an example. *See Brown v. Transcon Lines,* 284 Or 597, 588 P2d 1087 (1978); *cf. Campbell v. Ford Industries, Inc.,* 274 Or 243, 546 P2d 141 (1976) (no claim stated when employe was discharged in retaliation for exercising right of a stockholder to inspect corporate records).

The third category is really a limitation on the other two, not a true category, and includes cases in which an adequate remedy exists to protect society's interests, so that an additional remedy for wrongful discharge need not be provided. *See Walsh v. Consolidated Freightways,* 278 Or 347, 563 P2d 1205 (1977) (adequate remedy exists for employe discharged for complaining about unsafe working conditions).

Plaintiff contends that her claim fits within *Delaney's* second category. She argues that she was pursuing her right to marry without any resulting change in her employment status and that her right is related to her role as an employe and is a right of important public interest protected by the federal Constitution and state statutes. Defendant responds that plaintiff's claim does not satisfy any of *Delaney's* categories and that her claim does not involve any right related to her role as an employe.[1]

■■ Generally, in the absence of a contract or legislation to the contrary, an employer may discharge an at-will employe at any time and for any cause without incurring liability. *Patton v. J.C. Penney Co, supra* n 1, 75 Or App at 641.

---

[1] Defendant also relies on *Patton v. J.C. Penney Co.,* 75 Or App 638, 707 P2d 1256 (1985), *rev allowed,* 300 Or 545 (1986). The rule of law stated in *Patton* does not apply *directly* to these facts. The plaintiff's goal in that case was to have this court recognize a cause of action for violation of "important social interests" that do not involve a "public interest" but for which the plaintiff claimed there was a constitutional right to privacy. He wanted the court to acknowledge the existence of an additional category for such claims. However, in *Patton,* the plaintiff was unable to show a protected privacy interest. Relying on *Delaney v. Taco Time Int'l, supra,* we concluded that there was no showing of an interest of sufficient public importance and affirmed the dismissal of the wrongful discharge claim. In this case, plaintiff wants the court to find that she fits within one of the categories created by *Delaney:* the category for protection of an employe exercising a right related to her status as an employe.

However, under certain circumstances, an employer who discharges an employe for a socially undesirable motive must respond in damages for any injury done. *See Delaney v. Taco Time Int'l, supra.* Plaintiff concedes that being discharged for becoming engaged to marry does not fall within *Delaney's* first category. However, she argues that her right to marry without a resulting change in her employment status is a right related to her role as an employe. We conclude that, as in *Campbell v. Ford Industries, Inc., supra,* plaintiff is attempting to assert a claim based on a private right which is not related to her role as an employe. Thus, she has not stated a claim that falls within *Delaney's* second category. *See Kofoid v. Woodard Hotels, Inc.,* 78 Or App 283, 716 P2d 771 (1986).

■    Because plaintiff did not allege a claim within either of *Delaney's* first two categories, we need not consider whether she is barred by the third category. We note that plaintiff asserts a right that is otherwise protected by ORS 659.030 and ORS 659.121.[2]

Affirmed.

---

[2] ORS 659.030 provides, in part:

"(1) For the purposes of ORS 659.010 to 659.110, 659.227, 659.330, 659.340 and 659.400 to 659.435, it is an unlawful employment practice:

"(a) For an employer, because of an individual's race, religion, color, sex, national origin, marital status or age if the individual is 18 years of age or older and under 70 years of age, or because of the race, religion, color, sex, national origin, marital status or age of any other person with whom the individual associates * * * to refuse to hire or employ or to bar or discharge from employment such individual. However, discrimination is not an unlawful employment practice if such discrimination results from a bona fide occupational requirement reasonably necessary to the normal operation of the employer's business."

ORS 659.121 provides, in part:

"(1) Any person claiming to be aggrieved by an unlawful employment practice prohibited by ORS 659.030, * * * may file a civil suit in circuit court for injunctive relief and the court may order such other equitable relief as may be appropriate, including but not limited to reinstatement or the hiring of employes with or without back pay. Back pay liability shall not accrue from a date more than two years prior to the filing of a complaint with the Commissioner of the Bureau of Labor and Industries, pursuant to ORS 659.040, or if no such complaint has first been filed, then, more than two years prior to the filing of the civil suit provided for in ORS 659.040, 659.045, 659.095 and this section. In any suit brought under this subsection, the court may allow the prevailing party costs and reasonable attorney fees at trial and on appeal."

Plaintiff's complaint included a claim based on ORS 659.030. When defendant moved to dismiss that claim, plaintiff conceded that it was time barred. ORS 659.121(3).