Argued and submitted December 9, 1987, affirmed February 24, 1988

BUDD,
*Appellant,*

*v.*

AMERICAN SAVINGS & LOAN ASSOCIATION et al,
*Respondents.*

(86C-11056; CA A43587)

750 P2d 513

Richard B. Brissenden II, Eugene, argued the cause for appellant. With him on the briefs was Harrang, Long, Watkinson & Arnold, P.C., Eugene.

John R. Faust, Jr., Portland, argued the cause for

respondents. With him on the brief was Schwabe, Williamson & Wyatt, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Plaintiff filed this action for breach of contract, negligence and wrongful discharge. She appeals a judgment entered pursuant to ORCP 67B dismissing her negligence claim for failure to state sufficient ultimate facts. ORCP 21A(8).[1] We affirm.

In June, 1985, defendants hired plaintiff as a branch manager in Salem. They promised to train her in handling cash. Because her performance regarding handling, distributing and accounting for cash was unsatisfactory, she was terminated from employment in December, 1985.

Plaintiff filed a complaint in which she alleged, in part:

"Prior to her accepting employment with the Bank, the Bank promised to train Plaintiff in the policies and procedures which the Bank would require Plaintiff to follow, including but not limited to, policies and procedures regarding all aspects of the handling of cash.

"* * * * *

"Plaintiff accepted employment in reliance on Defendants' promise to train.

"* * * * *

"Defendants were negligent in training Plaintiff in one or more of the following particulars:

"a. In failing to properly and adequately train Plaintiff to balance vault cash;

"b. In failing to properly or adequately train Plaintiff to handle, distribute and account for cash.

"c. In failing to advise Plaintiff of policies and procedures in effect governing the handling, distributing of cash and the method of accounting for cash.

"* * * * *

"As a result of Defendants' negligence, Plaintiff has lost pay and employment benefits * * *.

"* * * * *

---

[1] Neither the wrongful discharge claim nor the contract claim is involved in this appeal.

> "As a result of Defendants' negligence, Plaintiff has suffered severe emotional distress, anxiety and embarrassment * * *."

The trial judge, before the Oregon Supreme Court's recent opinions discussing the role of "duty" in a negligence claim, concluded:

> "Plaintiff admits that there is no recognized duty to train employees. Plaintiff's theory of recovery has never been recognized by Oregon courts and plaintiff offers no compelling policy reasons for creating a new theory of liability."

Consequently, he dismissed the claim.

On appeal, plaintiff argues that the court's ruling was error, because a factfinder could reasonably find that defendants' inadequate and improper training of plaintiff caused her foreseeable harm and that defendants' conduct was unreasonable under the circumstances. *Fazzolari v. Portland School Dist. No. 1J,* 303 Or 1, 734 P2d 1326 (1987). She contends that "duty" is not an affirmative part of her case and that defendants' potential liability is determined solely by the test of foreseeability. *Donaca v. Curry Co.,* 303 Or 30, 734 P2d 1339 (1987).

Defendants contend that plaintiff's negligence claim is really one for wrongful discharge and that her claim is not actionable, because it is outside the scope of both statutory unlawful employment practices, *see, e.g.,* ORS 659.030(1), and the common law tort of wrongful discharge. *See Nees v. Hocks,* 272 Or 210, 536 P2d 512 (1975). They argue that, even if plaintiff had a negligence claim, she cannot recover under *Fazzolari,* because she did not have a "protected interest," which they say would, in this context, be an interest in not being discharged for outrageous reasons. 303 Or at 17.

Because plaintiff states the claim under review in terms of negligence, not wrongful discharge, we consider whether she has a claim under that theory. We first address the question of whether an allegation of a "duty" is a required part of her claim.

■ "Duty" is not an element of a negligence case unless the claim involves an obligation arising from a special relationship which creates, limits or defines the obligation. *Fazzolari v. Portland School Dist. No. 1J, supra,* 303 Or at 10;

*Donaca v. Curry Co., supra,* 303 Or at 32; *Little v. Wimmer,* 303 Or 580, 584, 739 P2d 564 (1987). If plaintiff has a claim, it arises out of the employer-employe relationship, which creates, limits and defines defendants' "duty" to plaintiff. Plaintiff does not allege that her employment was other than an employment at will. In the absence of an agreement to the contrary, an employer may terminate an at will employe for any reason that is not forbidden by statute or common law wrongful discharge law or for no reason at all. *Nees v. Hocks, supra,* 272 Or at 210; *Karren v. Far West Federal Savings,* 79 Or App 131, 717 P2d 1271, *rev den* 301 Or 666 (1986). A discharge because the employer's inadequate training led to inadequate performance is not actionable in tort in the absence of a special duty. Accordingly, "duty" is an element of her case that must be pleaded.

Plaintiff specifies no legal source of the alleged duty to train her other than defendants' promise, which she received in the employment agreement context. It follows that plaintiff might have a claim for breach of that promise, an issue which is not before us, but that that breach is not actionable as a tort. We conclude that neither *Fazzolari v. Portland School Dist. No. 1J, supra,* 303 Or 1, nor the cases which have followed it, require a different result.

Affirmed.