Argued and submitted May 22, affirmed June 21, 1989

FORTNEY,
*Appellant,*

*v.*

CRAWFORD DOOR SALES CORP.
OF OREGON,
*Respondent.*

(A8612-07927; CA A48611)

775 P2d 910

Wayne Mackeson, Portland, argued the cause for appellant. With him on the briefs was Des Connall and Dan Lorenz, P.C., Portland.

Larry A. Brisbee, Hillsboro, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiff suffered an on-the-job injury when an extension ladder fell and struck him. He alleges that an employe of defendant was negligent in connection with the accident and that defendant is his "indirect employer" for purposes of the Employer's Liability Act (ORS 654.305 *et seq*) (ELA). The trial court granted defendant's motion for a directed verdict on both claims. Plaintiff appeals and assigns error to that ruling. We affirm.

Plaintiff is an employe of Hoffman Construction, which was the general contractor for a building construction project. Hoffman contracted for defendant to supply overhead rolling steel doors and to deliver them to the project site. Plaintiff and Northam, also a Hoffman employe and plaintiff's foreman, were assigned by Hoffman to install the doors. They encountered difficulties, and Hoffman's project engineer contacted defendant's president and asked for help. Defendant sent Svir to assist. The injury occurred while plaintiff and Northam were working on a door near or against which Northam had placed the ladder. The ladder belonged to Hoffman and was under the control of its personnel at all relevant times.[1] Svir was standing approximately 15 feet away from plaintiff at the time of the accident.

1. Plaintiff asserts that, because of defendant's employe's involvement in the installation project,[2] it was plaintiff's indirect employer and can be held liable to him under ELA. Plaintiff contends that defendant violated ELA because the ladder was not secured and because plaintiff had not been ordered by defendant to wear a hard hat. His negligence claim is based on the same particulars and on Svir's alleged failure to warn plaintiff that the ladder was falling.

The court said in *Miller v. Georgia-Pacific Corp.,* 294 Or 750, 662 P2d 718 (1983):

"Before the ELA can be made the basis of a claim for relief by an injured worker suing a defendant other than an employer of the worker, however, the defendant must be in charge of or have responsibility for work involving risk or

---

[1] Plaintiff argues that there was evidence to allow an inference that Svir helped Northam carry and place the ladder. There was not.

[2] Defendant argues that Svir was an independent contractor. We need not address that argument, given the bases for our disposition.

danger in either (a) a situation where defendant and plaintiff's employer are simultaneously engaged in carrying out work on a common enterprise, or (b) a situation in which the defendant retains a right to control or actually exercises control as to the manner or method in which the risk-producing activity is performed." 294 Or at 754.

Plaintiff contends that his evidence was sufficient to require the submission of his ELA claim on both a "common enterprise" and a "right or exercise of control" theory. His reliance on the second theory is two-pronged. He argues, first, that there was enough evidence to support a finding that Svir exercised actual control over the ladder. We disagree. *See* note 1, *supra.*

The second prong is that Svir had control over the door installation project and defendant thereby became the employer and was responsible for the job safety of all employes in connection with the installation work. Defendant responds that Northam and Hoffman were responsible for supervising plaintiff and were in charge of the work. Plaintiff notes that, although Svir's testimony was to the effect that his role was only advisory in nature, plaintiff testified that Svir was actively involved and, in effect, gave orders to the two Hoffman employes. Plaintiff concludes that, if the jury believed his testimony, it could find that Svir had a right of or exercised control over the installation activity.

We do not agree with plaintiff. Svir was sent to the work site in response to what amounted to a request to defendant by plaintiff's actual employer to tell the latter's employes how to install the doors. Svir's performance of that service necessarily entailed some instruction and direction, which, on occasion, might have been manifested through peremptory words or action. To treat that as the kind of "control" that can give rise to employer status for purposes of ELA would be akin to concluding that a supplier whose goods are accompanied by printed instructions is the employer of the workers who use the goods after delivery. Svir did not displace Hoffman's supervisory authority over plaintiff and, more importantly, Hoffman retained and Svir never acquired actual responsibility for job safety. *See Wilson v. P.G.E. Company,* 252 Or 385, 448 P2d 562 (1968). Defendant was not plaintiff's indirect employer by virtue of any right or exercise of control.

Plaintiff also contends that defendant can be held

accountable as an indirect employer, because it was engaged in a common enterprise with his actual employer. That contention is defeated by the absence of a link between defendant and either the ladder specifically or job safety in general. The court said in *Wilson v. P.G.E. Company, supra:*

> "We do not construe the ELA to impose a duty upon each employer, engaged in a common enterprise with another, to make safe the equipment and method of work of the other, even though both have a measure of control over the activity in which they are jointly engaged. The injury must result by virtue of the commingling of the activities of the two employers and not be solely attributable to the activities or failures of the injured workman's employer." 252 Or at 391-92.

*See also Sacher v. Bohemia, Inc.,* 302 Or 477, 731 P2d 434 (1987).

**2.** The trial court did not err in directing a verdict for defendant on plaintiff's ELA claim. The court was also correct in directing a verdict on the negligence claim. As discussed above, defendant and Svir had no responsibility for the safety of the equipment or for plaintiff's job safety. Given that, even assuming that there was evidence that Svir knew that the ladder could fall or was falling, plaintiff's failure to warn specification of negligence would appear to be based on an erroneous idea of bystander liability.

**3.** Plaintiff relies of *Fazzolari v. Portland School Dist. No. 1J,* 303 Or 1, 734 P2d 1326 (1987), and argues that he was not required to establish a duty on defendant's part in order to reach the jury. Defendant argues that plaintiff's theory necessarily presupposes the "special relationship" of employer and employe, "where 'duty' is still a factor not altered by the holding in *Fazzolari*." *See Budd v. American Savings & Loan,* 89 Or App 609, 750 P2d 513 (1988). Defendant also contends that plaintiff "would impose liability for a falling ladder where the defendant did not own it, did not use it and did not touch it." We agree with defendant's implicit suggestion that, although *Fazzolari* has changed the role of duty in negligence law, it has not eliminated the rule that a defendant must have *some* responsible involvement with an event in order to be found negligent for its occurrence. *See Fuhrer v. Gearhart By The Sea, Inc.,* 306 Or 434, 760 P2d 874 (1988). No involvement was established here.

Affirmed.