Argued and submitted November 21, 1990, affirmed January 23, 1991

Kevin V. NORD
and Lorene C. Nord,
*Appellants,*

*v.*

Robert W. WETMORE,
Magel D. Wetmore,
and Rhonda Wetmore,
*Respondents.*

(A8711-07189; CA A50696)

804 P2d 501

Michael H. Simon, Portland, argued the cause for appellants. With him on the briefs was Perkins Coie, Portland.

Mildred J. Carmack, Portland, argued the cause for respondents. With her on the brief were Schwabe, Williamson & Wyatt and Ridgway K. Foley, Jr., P.C., Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

Newman, J., specially concurring.

## RICHARDSON, P. J.

Plaintiffs appeal from the judgment for defendants in this personal injury action. We affirm.

Defendant Rhonda Wetmore is a minor. While driving an automobile belonging to her parents, defendants Robert and Magel Wetmore, she went for an evening on the town with a female companion and two males, Milar and Brezo. They stopped at a pizza parlor, where they drank beer. From there, they went to the parking lot of a convenience store. Milar stepped out of the car to relieve himself. While he was urinating, plaintiffs Kevin and Lorene Nord drove into the parking lot. Kevin got out of their automobile and started toward the store. Milar began to harass him verbally. Kevin removed a softball bat from his car to defend himself. Things calmed down. Milar got back into defendants' vehicle, and Rhonda drove it as far as the parking lot exit. However, Milar then said, "Let me out. I want to go over there," referring to the place where plaintiffs were. Rhonda backed her automobile to that place. The two male passengers got out and physically assaulted Kevin. They also assailed Lorene when she attempted to intervene.

Plaintiffs alleged claims against Rhonda for negligence and for "aiding and abetting" an assault and battery. They alleged that her parents were derivatively liable for her negligence, by virtue of the family purpose doctrine, and were liable under ORS 30.765 for her alleged intentional tort. Plaintiffs did not name the two assailants themselves as defendants.

At the close of plaintiffs' case, defendants moved for a directed verdict. The trial court granted the motion as to the negligence and family purpose doctrine claims. The court submitted the intentional tort claims to the jury but noted that it would "entertain an NOV motion if there is a verdict." The court said:

> "It's about as skinny a case as I've seen. And it's apparent to the Court the reason we're trying this case is the intent of the plaintiff to get the insurance policy, and that's why these people [rather than Milar and Brezo] are sitting here as defendants."

The jury's verdict was for defendants.

Plaintiffs first assign as error the directed verdicts on the negligence and family purpose doctrine claims. Defendants made the motion on the grounds, *inter alia,* that there was no evidence that Rhonda's conduct caused the assault, *see* note 1, *infra,* and that her conduct could not give rise to liability as a matter of law. Plaintiffs rely on *Fazzolari v. Portland School Dist. No. 1J,* 303 Or 1, 734 P2d 1326 (1987), and its companions and progeny, including at least two decisions of this court that have been reversed by the Supreme Court on the points for which plaintiffs find them authoritative. They contend that, under the *Fazzolari* rationale, a jury could find that Rhonda should reasonably have foreseen when she drove back into the parking lot that the result would be that her passengers would attack plaintiffs.

Plaintiffs buttress their argument by referring to evidence that would support the inference that Rhonda was aware of the first encounter between Kevin and Milar and of details that should have excited her awareness that Milar felt violently disposed toward Kevin. In our view, all of that is beside the point. The question is not whether she should reasonably have foreseen what occurred, but whether her involvement in the events was such that she could or had to do anything to prevent what she might have foreseen. Plaintiffs do not contend that Rhonda had the right to continue driving Milar anywhere that he did not want to go or to prevent him from leaving the vehicle after his request. They do not suggest that she could have been liable if she had let him out of the car at the parking lot exit, when he asked to be let out. Their view is that, somehow, she became negligently involved by putting the car in reverse and taking him the short distance to the place where he indicated that he wanted to go.

As the trial judge suggested in granting the directed verdict, Rhonda was either a willing participant in the assault or she was essentially a bystander. The jury found that she was not actively involved. As we said in *Fortney v. Crawford Door Sales Corp.,* 97 Or App 276, 280, 775 P2d 910 (1989):

"[A]lthough *Fazzolari* has changed the role of duty in negligence law, it has not eliminated the rule that a defendant must have *some* responsible involvement with an event in order to be found negligent for its occurrence." (Emphasis in original.)

The trial court correctly granted a directed verdict for Rhonda on the negligence claim.[1] It follows, without more, that the directed verdict for Robert and Magel on the family purpose doctrine claim was also proper. They cannot be liable, if Rhonda was not negligent. *See Wiebe v. Seely, Administrator,* 215 Or 331, 335 P2d 379 (1959).[2]

■    Plaintiffs also assign error to the trial court's overruling of their objection to defense counsel's vouching for the credibility of two witnesses in his closing argument. The court did not abuse its discretion and, even if there was an error, it could not conceivably have been prejudicial under the circumstances of the case.

Affirmed.

**NEWMAN, J.,** specially concurring.

I concur in the last paragraph of the court's opinion. Otherwise, I concur only in the result.

---

[1] Defendants' alternative argument is that the evidence did not permit the inference that Rhonda's backing the car up could have caused the assault, because Milar and Brezo would have got to plaintiffs and beaten them up, no matter where in the parking lot Rhonda let them out. We do not agree with that argument, at least as defendants state it. There is a possible inference that plaintiffs could have escaped if the two men had had to cover more ground before reaching them.

[2] We need not decide whether the doctrine could otherwise be applicable to facts such as these.