Argued and submitted June 26, reversed and remanded on negligence claim;
otherwise affirmed October 2, 1991

Barbara GISH,
*Appellant,*

*v.*

DOUGLAS COUNTY,
*Respondent.*

(CV-89-0187; CA A66247)

817 P2d 1341

John Hoag, Eugene, argued the cause for appellant. With him on the briefs was Aitchison & Hoag, Eugene.

David H. Wilson, Jr., Portland, argued the cause for respondent. With him on the brief was Bullard, Korshoj, Smith & Jernstedt, Portland.

Before Richardson, Presiding Judge, and Joseph, Chief Judge,* and Deits, Judge.

RICHARDSON, P. J.

---

* Joseph, C. J., *vice* Newman, J., retired.

## RICHARDSON, P. J.

Plaintiff appeals from the trial court's dismissal of this action for negligent misrepresentation and breach of contract for failure to state claims.

In June, 1987, plaintiff was a tenured employee of the City of Roseburg, serving as a dispatcher in its police department. Plans were underway to merge the city's dispatch functions into the county's Department of Communications. Plaintiff and other city dispatchers attended a meeting at which John Warren, director of the county department, spoke. Plaintiff alleges that Warren made these representations:

> "(a) That the City of Roseburg Police Department Dispatchers were to be transferred within a few months to the Douglas County Department of Communications pursuant to an intergovernmental agreement; (b) That the City employees would not have any seniority in the new bargaining unit when they transferred; (c) That the City employees would have to complete a one year probation when they started work at Douglas County, and (d) That there would be a position open in the Douglas County Communications Department before the intergovernmental transfer took place and whoever took this position would have seniority over those City of Roseburg Police Department Dispatchers who transferred to Douglas County at a later date."

Plaintiff alleges that, in reliance on Warren's representations, she applied for the open position and was hired by the county. She was treated as a probationary employee and was terminated without cause within one year after the county employed her. However, when the other city employees were transferred to the county, plaintiff alleges, they were "non-probationary employees pursuant to ORS 236.620(3)." Plaintiff asserts that, but for Warren's "negligent and false representations," she "would not have given up her right to be transferred as a non-probationary employee with full seniority rights."

The trial court allowed the motion to dismiss the contract claim, because

> "plaintiff fails to allege any provision of any contract which imposes a limitation on defendant's right to discharge plaintiff. It is clear from the allegations that plaintiff was an 'at

will' employee and that there was no provision in her employment contract prohibiting her termination.''

Plaintiff argues that the county is promissorily or equitably estopped by Warren's representations and had, in effect, to embody those representations in her employment contract. The threshold difficulty with that argument is that, according to plaintiff's allegations, the county *did* comply with Warren's representations about the job for which it hired her. Plaintiff alleged that Warren represented that employees who transferred would be probationary employees, not that a person hired for the open position would not be probationary or could not be discharged without cause.

■　　Plaintiff's contention that she gave up her tenured status in reliance on Warren's representation that it would be lost in any event does not assist her in connection with her contract claim. Tenure was not part of what he represented that the contract would contain; indeed, *if* there is a gravamen to plaintiff's action, it is that Warren indicated that her employment relationship with the county *would be* probationary, whether she was hired directly or was transferred pursuant to the intergovernmental agreement. Stated otherwise, the problem is not that plaintiff's employment relationship with the county was other than what Warren described, but that it might have been better than he described if she had awaited the intergovernmental transfer. The fact that the contract that the parties entered into was not the most favorable one that might have become available to plaintiff does not create a breach of the contract that was reached, and the court correctly dismissed the claim.

■　　For somewhat similar reasons, however, it erred by dismissing the negligence claim.[1] The trial court relied, and the county relies, on *Budd v. American Savings & Loan,* 89 Or App 609, 750 P2d 513 (1988). The plaintiff there alleged that the defendant employer promised before employing her that it would give her appropriate training, that it was negligent in providing the training and that, as a result, she was fired for her inability to do the tasks that she was supposed to

---

[1] Plaintiff urges us to "recognize" the tort of negligent misrepresentation. After she filed her brief, we did. *Onita Pacific Corp. v. Trustees of Bronson,* 104 Or App 696, 803 P2d 756 (1990), *rev allowed* 311 Or 349 (1991).

have been trained to perform. We held that the complaint failed to state a claim for negligence, *inter alia,* because:

> "If plaintiff has a claim, it arises out of the employer-employe relationship, which creates, limits and defines defendants' 'duty' to plaintiff. Plaintiff does not allege that her employment was other than an employment at will. In the absence of an agreement to the contrary, an employer may terminate an at will employe for any reason that is not forbidden by statute or common law wrongful discharge law or for no reason at all. * * * A discharge because the employer's inadequate training led to inadequate performance is not actionable in tort in the absence of a special duty. Accordingly, 'duty' is an element of her case that must be pleaded.

> "Plaintiff specifies no legal source of the alleged duty to train her other than defendants' promise, which she received in the employment agreement context. It follows that plaintiff might have a claim for breach of that promise, an issue which is not before us, but that that breach is not actionable as a tort." 89 Or App at 613. (Citations omitted.)

Plaintiff argues that *Budd* is not controlling. We agree. The rationale for our decision there was that the promise to train and the negligent performance of that promise were inseparable from the employment contract and relationship itself. Plaintiff's contention here, by contrast, is that Warren's representations caused her to lose employment rights that she would have enjoyed if she had *not* entered into the contract. It is not the loss of her at-will employment under the contract that she claims to be the injury, but the loss of the non-probationary status that she assertedly would have enjoyed if she had awaited the intergovernmental transfer. Unlike in *Budd,* plaintiff's non-probationary status was not part and parcel of her employment relationship with her employer; if it exists, it originated in sources other than the contract between plaintiff and the county. The collective bargaining agreement between plaintiff's union and the city, city or county employment regulations, the intergovernmental agreement, the public employee transfer statutes, ORS 236.610 *et seq,* or some combination of them, are among the possible sources that plaintiff might be able to establish at trial. In sum, this case is more analogous to an action for fraud in the inducement than one, like *Budd,* for negligence in the performance of an employment contract, and the

alleged injury is to something other than a right that exists solely because of the contract.

The county contends that plaintiff is incorrect in what it describes as her legal contention that ORS 236.620(3) provides for the retention of tenured status by transferred employees and that we may affirm the judgment on that basis. We disagree. We are reviewing a dismissal of a complaint for failure to state facts constituting a claim. We cannot say as a matter of law that the transfer statutes are independently decisive of the status of the transferred employees without reference to the other possible sources of rights that we have described. It may also be relevant whether comparable employees who were later transferred have in fact been treated as non-probationary. The rights that the statutes *require* to be extended to transferred employees are not necessarily exhaustive of the rights that *can* be conferred on them, if other sources of rights consistent with the statutes exist. *See Davis v. Wasco IED,* 286 Or 261, 593 P2d 1152 (1979). We decline to construe the statutes unnecessarily, before any material factual questions are resolved at trial.

The county also argues that Warren's representations amounted to a discretionary act and that it is immune from the negligence claim under ORS 30.265(3)(c). In reviewing this dismissal under ORCP 21A, we have nothing approaching the necessary record to decide that question.

Finally, the county argues, Warren's representations pertained to future acts and cannot be actionable without a showing that there was no intent to perform at the time that the statements were made. Assuming, without deciding, that that principle from the law of fraud has any place in a negligence action, it played no part in the trial court's ruling on the motion to dismiss. Without reaching the merits of the argument, we decline to affirm on the basis of it. *See Hendgen v. Forest Grove Community Hospital,* 98 Or App 675, 780 P2d 779 (1989). We conclude that plaintiff has stated a negligence claim and that dismissing that claim was error.

Reversed and remanded on the negligence claim; otherwise affirmed.