Argued and submitted May 18, reversed August 3, petition for review allowed October 18, 1994 (320 Or 272)

Patrick W. CONWAY,
*Respondent,*

*v.*

PACIFIC UNIVERSITY,
*Appellant.*

(C 920640 CV; CA A80633)

879 P2d 201

Thomas M. Christ argued the cause for appellant. With him on the briefs were Scott J. Meyer and Mitchell, Lang & Smith.

Bernard Jolles argued the cause for respondent. With him on the brief were Evelyn M. Conroy and Jolles, Bernstein & Garone, P.C.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

WARREN, P. J.

## WARREN, P. J.

Defendant Pacific University (Pacific) appeals from a judgment for plaintiff in this action for negligent misrepresentation, arising out of negotiations for an employment contract.[1] We reverse.

Plaintiff was a professor at Central Oregon Community College (COCC), in a position that would eventually lead to tenure. He took a leave of absence from COCC to accept a temporary teaching job at Pacific University for the 1990-91 academic year. In January, 1991, he applied for a permanent tenure track position at Pacific. In May, he was offered the position. He was concerned about whether poor student evaluations that he had received during his temporary assignment at Pacific would affect his ability to attain tenure there, because he already had a tenure track position at COCC, which he would have to give up to take the position at Pacific. Therefore, he asked the dean of the College of Arts and Sciences whether his poor student evaluations would affect his continued employment at the college or impede his path to tenure. The dean told him that the evaluations would not be a problem. As a result of that assurance, plaintiff resigned his position at COCC and accepted the position at Pacific.

His student evaluations did not improve during the first year in the tenure track position and instead grew increasingly worse. Based in large part on the evaluations, Pacific offered plaintiff only a "terminal" or nonrenewable contract for the following school year.

Plaintiff brought this action, alleging that the dean's assurance that the student evaluations would not affect his prospects for attaining tenure were negligent misrepresentations on which he relied to his detriment when he gave up his teaching position at COCC to take the tenure track position at Pacific. The jury returned a verdict for plaintiff on that claim.

Pacific assigns error to the trial court's denial of its motion to dismiss and motion for directed verdict. Pacific argued below and argues on appeal that plaintiff cannot

---

[1] The jury returned a verdict for defendant on plaintiff's claim for breach of contract. That claim is not before us on appeal.

recover for negligent misrepresentation, because the misrepresentation occurred during arm's-length negotiations about the tenure track position, and under *Onita Pacific Corp. v. Trustees of Bronson*, 315 Or 149, 843 P2d 890 (1992), negligent misrepresentations made during arm's-length negotiations are not actionable. Plaintiff argues that the relationship of employer and employee is a special relationship that gives rise to a duty of care by the employer.

In Oregon, "under some circumstances, one may be liable for economic loss sustained by others who rely on one's representations negligently made." 315 Or at 159. Because the damage is purely economic, a claim for negligent misrepresentation "must be predicated on some duty of the negligent actor to the injured party beyond the common law duty to exercise reasonable care to prevent foreseeable harm." 315 Or at 159. Plaintiff argues that the duty owed to him by Pacific was a result of the employer-employee relationship,[2] which he asserts created a relationship of trust and dependency. That relationship, he argues, entitled him to "at least reasonable care by [Pacific] to avoid misrepresenting the facts."

We have held that the employer-employee relationship is a special relationship for some purposes in tort law. In *Bodewig v. K-Mart, Inc.*, 54 Or App 480, 635 P2d 657 (1981), *rev den* 292 Or 450 (1982), we concluded that an employee could recover against her employer for reckless infliction of emotional distress. We reasoned that the employer has authority over the employee

"who, by the nature of the relationship, is subject to the direction and control of the employer and may be discharged for any or no reason, absent an agreement restricting that authority. Clearly, that relationship is not an arm's length one between strangers." 54 Or App at 486.

That same reasoning does not apply in the context of this case. As we explained in *Ammons v. Jackson County*, 119 Or App 181, 850 P2d 376, *rev den* 318 Or 24 (1993), the Supreme

---

[2] For purposes of this opinion, we will assume that defendant and plaintiff were acting as employer and employee. However, it would be more accurate to characterize their relationship regarding the contract negotiations as one of potential employer and potential employee.

Court in *Onita* recognized that only certain types of relationships will support a duty to prevent misrepresentations that cause solely economic harm:

> "The common thread in the special relationships that the Supreme Court has recognized as giving rise to a duty of care to protect against purely economic loss is that the professional is acting, at least in part, to further the economic interests of the person to whom the duty is owed." 119 Or App at 184.

Whatever duty an employer may owe to an employee in other contexts of the employment relationship, we know of no duty of an employer to act to further the economic interests of the employee in the negotiation of the employment contract.

Plaintiff argues that this case is indistinguishable from *Gish v. Douglas County*, 109 Or App 84, 817 P2d 1341 (1991), in which we reversed the trial court's dismissal of the plaintiff's negligent misrepresentation claim. In that case, the plaintiff alleged that she was employed by the City of Roseburg, and that a representative of the county made representations that caused her to resign from city employment and accept employment at the county. According to the allegations, the representations were false, she relied on them and she suffered harm when she lost her job with the county. We held that the plaintiff had stated a claim for negligent misrepresentation.

Although plaintiff is correct that the allegations in *Gish* bear much similarity to the facts of this case, *Gish* was decided before the Supreme Court's decision in *Onita Pacific Corp. v. Trustees of Bronson, supra.* We did not consider, as we are now required to do under *Onita*, the character of the relationship between an employer and employee or a prospective employer and prospective employee. Under the special relationship formulation of *Onita*, plaintiff's claim here fails.

Plaintiff also argues that other jurisdictions have recognized a cause of action for negligent misrepresentation by an employer to an employee. For example, in *Browne v. Maxfield*, 663 F Supp 1193 (ED Pa 1987), the court held that a party negotiating a terminable, at-will employment contract had the right to assess the risks inherent in such

employment free of the distortions of tortious conduct. Pennsylvania law, on which the court relied, follows the *Restatement (Second) Torts* § 552 (1976) definition of negligent misrepresentation. Section 552(1) provides:

> "One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information."

The *Restatement* formulation is also the law of New Mexico, where the United States District Court held that there was nothing about the elements of that tort that make it inapplicable in the employment field. Therefore, in *Yeitrakis v. Schering-Plough Corp.*, 804 F Supp 238 (DNM 1992), the court held actionable reassurances provided by an employer to a prospective employee who was concerned about job stability. It concluded that a jury could find that the information was given for the plaintiff's guidance in the business transaction of deciding whether to leave his existing job and to accept the defendant's offer of employment.

On the other hand, the Court of Appeals for the Second Circuit held that, under New York law, a plaintiff can recover for negligent misrepresentation only where the defendant owes the plaintiff a fiduciary duty, and there is no fiduciary duty between employer and a prospective or current employee. *Stewart v. Jackson & Nash*, 976 F2d 86 (2d Cir 1992).

The cases relying on the *Restatement* in recognizing a cause of action for negligent misrepresentation by a prospective employer are not helpful to plaintiff here, because the Oregon Supreme Court has not adopted the *Restatement* as a black letter rule. Instead, it has opted to "develop the scope of the duty and the scope of recovery on a case-by-case basis * * *." *Onita Pacific Corp. v. Trustees of Bronson, supra*, 315 Or at 159. We are to "examine the nature of the parties' relationship and compare that relationship to other relationships in which the law imposes a duty on parties to conduct themselves reasonably, so as to protect the other

parties to the relationship." 315 Or at 160. The cases on which plaintiff rely do not contain such an examination and are not instructive to our analysis in this case.

We conclude that, in negotiating about a possible employment contract with plaintiff, Pacific was not in a special relationship with plaintiff that would give rise to a duty to exercise due care regarding representations that it made in the course of negotiations. As the Supreme Court said in *Hall v. The May Dept. Stores*, 292 Or 131, 141, 637 P2d 126 (1981), "in many respects employment remains an arm's-length, adult relationship between parties intent on securing divergent rather than joint interests." The negotiation of an employment contract is one of those situations in which the parties are pursuing divergent rather than common interests.

Because we conclude that plaintiff cannot sustain a claim for negligent misrepresentation, and therefore that the claim should have been dismissed, we need not separately address the assignment of error challenging the denial of defendant's motion for directed verdict.

Reversed.