67 F.3d 306
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Brian M. DOUGLASS, Plaintiff-Appellant,
v.
NATIONAL FEDERATION OF INDEPENDENT BUSINESS, Defendant-Appellee.
 Nos. 94-35376, 94-36090 and 94-36200.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 13, 1995.
Decided Oct. 2, 1995.
 
 Before: SCHROEDER, REINHARDT and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Brian M. Douglass appeals the district court's judgment in favor of his employer, National Federation of Independent Business (NFIB), on claims of discriminatory and retaliatory actions by NFIB. Douglass claims that the district court erred by 1) dismissing his negligence claim, 2) improperly instructing the jury, 3) excluding evidence of discriminatory statements, 4) granting a motion for a directed verdict on two of his claims, and 5) awarding attorney's fees to NFIB. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm in part, reverse in part, vacate in part and remand to the district court.
 
 DISCUSSION
 A. Dismissal of Negligence Claim
 
 3
 Under Oregon law, a complaint for negligence must allege facts showing "a duty of due care owed by the defendant, a breach of that duty, causation and damages." Hilt v. Bernstein, 707 P.2d 88, 93 (Or.App.1985), review denied, 300 Or. 545 (1986); accord Smith v. Southern Pac. Co., 187 F.2d 397, 402 (9th Cir.), cert. denied, 342 U.S. 823, 72 S.Ct. 42, 96 L.Ed. 622 (1951). An employer-employee relationship may create a special relationship, but that special relationship does not apply in the context of economic losses arising from an employment contract. Conway v. Pacific Univ., 879 P.2d 201, 202-04 (Or.App.), review allowed, 320 Or.App. 272 (1994). A claim based on a breach of an employment agreement is not actionable as a tort. Budd v. American Sav. & Loan Ass'n, 750 P.2d 513, 515 (Or.App.1988).
 
 
 4
 Douglass' negligence claim was based on NFIB's failure to make provisions of the settlement agreement known to his supervisor. Like the claim of the plaintiff in Budd, his claim, if any, would be for breach of contract and not for negligence. See Budd, 750 P.2d at 515. The district court's dismissal of the negligence claim is affirmed.
 
 
 5
 B. Jury Instruction Regarding Settlement Agreement
 
 
 6
 Federal Rule of Civil Procedure 51 states that "[n]o party may assign as error the giving or the failure to give an instruction unless that party objects thereto before the jury retires to consider its verdict, stating distinctly the matter objected to and the grounds of the objection." This court has interpreted the rule strictly and requires a formal objection unless the trial court is aware of the parties concerns with an instruction and further objection would be unavailing. Glover v. BIC Corp., 6 F.3d 1318, 1326 (9th Cir.1993).
 
 
 7
 In response to a question from the jury during deliberations, the district court instructed the jury on the effect of the settlement agreement on the original employment contract. Before the instruction was given to the jury, Douglass expressed concern that the jury would not understand the instruction, but did not make a formal objection as required by Federal Rule of Civil Procedure 51. Indeed, he terminated the discussion on the appropriate language of the instruction with approval of the court's language and did not object before the jury retired. His failure to properly object to the jury instruction waived his right to raise the issue on appeal. See Glover, 6 F.3d at 1326. Therefore, the judgment on the claim for breach of contract is affirmed.
 
 
 8
 C. Exclusion of Evidence of Earlier Discriminatory Acts
 
 
 9
 A district court may exclude otherwise relevant evidence if the evidence would confuse the jury as to the issues. See Fed.R.Evid. 403; Monotype Corp. PLC v. International Typeface Corp., 43 F.3d 443, 449 (9th Cir.1994). Evidence of discrimination occurring outside an actionable time period may constitute relevant background evidence in determining present discriminatory action. See Bouman v. Block, 940 F.2d 1211, 1218 (9th Cir.), cert. denied, 502 U.S. 1005, 112 S.Ct. 640, 116 L.Ed.2d 658 (1991) (citing United Air Lines v. Evans, 431 U.S. 553, 558, 97 S.Ct. 1885, 1889, 52 L.Ed.2d 571 (1977)); Domingo v. New England Fish Co., 727 F.2d 1429, 1443 (9th Cir.) (per curiam), modified, 742 F.2d 520 (1984).
 
 
 10
 The district court excluded evidence of discrimination that occurred prior to the settlement agreement. While it is true that the pre-agreement evidence could not be used as a basis for the underlying action, the evidence could be admitted to show, as Douglass claimed, a pattern of discrimination by NFIB against him and a reason for NFIB to retaliate against him. See Bouman, 940 F.2d at 1218. Any concerns about jury confusion could have been allayed by instructing the jury that any evidence of events occurring prior to the settlement agreement should be treated only as background evidence. See id. It was error for the district court to exclude this highly probative evidence.
 
 
 11
 As a secondary reason for exclusion, the district court ruled that in the settlement agreement Douglass had waived his right to use the statements as evidence in any subsequent proceedings. The district court alluded to language in the settlement agreement which, in great detail, waived all of Douglass' claims for handicap or disability discrimination. NFIB asserts, and the district court decided, that a provision barring all claims for any of NFIB's past acts of discrimination must perforce exclude any testimony about those acts to show that the discrimination continued into the future. With all due respect, we fail to appreciate the implied syllogism. All rights to sue for certain acts might well be barred without concomitantly barring testimony about those acts for the purpose of demonstrating that discriminatory activity was continuing. Nor should Dart Indus. Co., Inc. v. Westwood Chem. Co., Inc., 649 F.2d 646 (9th Cir.1980), offer NFIB any solace. Dart had bought its peace. Then the settling plaintiff tried to bring it back in to testify as a non-party in litigation involving the very events in issue. We, with our knowledge of the burdens that litigation can impose on non-parties, decided that Dart should be left at peace. Id. at 650. NFIB, too, was entitled to be left at peace, but if it perpetuated new wrongs it could hope for no peace at all. Absent an express contrary term in the agreement, we cannot say that NFIB bought the right to have its continuing relations with Douglass analyzed in an ahistorical vacuum.
 
 
 12
 Douglass was prejudiced by the exclusion. See id. Exclusion of the pre-agreement evidence affected his ability to prove that NFIB's actions were connected to a pattern of discrimination against him or were used to retaliate against him for his prior legal action. The full background evidence, including any relevant pre-agreement evidence, may well have allowed the jury to return a different verdict based upon Douglass' showing that what might now appear innocuous was not at all. See Bouman, 940 F.2d at 1218.
 
 
 13
 In fine, the district court granted judgment as a matter of law on Douglass' discrimination claims under the Americans with Disabilities Act, 42 U.S.C. Sec. 12112, and Oregon Revised Statutes section 659. See Fed.R.Civ.P. 50. The district court found that there was no legally sufficient evidentiary basis for a reasonable jury to find that NFIB had discriminated against him. Again, however, the improperly excluded evidence could have shown a pattern of discrimination and a reason for retaliation on the part of NFIB. Because the addition of the excluded evidence would have allowed more than one reasonable conclusion as to the verdict, the judgment as a matter of law must be set aside. See Zamalloa v. Hart, 31 F.3d 911, 913 (9th Cir.1994).
 
 D. Award of Attorneys' Fees to NFIB
 
 14
 Douglass appeals the award of attorneys' fees made in accordance with a provision in the settlement agreement. The agreement provides for an award of fees to the prevailing party in the event of an action for breach of contract. Douglass contends that the question of whether fees should be awarded was a matter for the jury. We disagree.
 
 
 15
 Nevertheless, reversal of the district court's decision on the discrimination and retaliation claims militates for setting aside the award of attorneys' fees. The attorney fees issues should all be decided at the conclusion of the case. See id.; see also Miller v. Safeco Title Ins. Co., 758 F.2d 364, 370 (9th Cir.1985). At that time, the district court will be in a position to determine who, if anyone, should receive fees for participating in this litigation and in what amount. Thus, the judgment of the district court awarding NFIB attorneys' fees is vacated.
 
 CONCLUSION
 
 16
 The district court's judgment on the claims for negligence and breach of contract is AFFIRMED.[1] The district court's judgment on the claims for discrimination under the American's with Disabilities Act and discrimination under Oregon Revised Statutes section 659 is REVERSED. The district court's judgment awarding attorneys' fees to NFIB is VACATED. The case is remanded to the district court for proceedings consistent with this opinion. The parties shall bear their own costs on appeal.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Douglass does not appeal the district court's dismissal of his claims for breach of covenant of good faith and fair dealing and quasi-contract