Argued and submitted May 5, decision of Court of Appeals affirmed, judgment of circuit court reversed and case remanded to circuit court for further proceedings October 1, 1992

Esther SCOTT,
*Plaintiff,*

*v.*

Peter D. FRANCIS;
Patrick H. LePley; Jack J. Ackerman;
Francis, Lopez & LePley, a partnership;
and Francis, Lopez & Ackerman, a partnership,
*Defendants,*

Carl A. Taylor LOPEZ,
*Petitioner on Review,*

*and*

Jay R. JACKSON,
*Respondent on Review.*

(CC A8412-07550; CA A46646; SC S37071)

838 P2d 596

John Folawn, of Holmes & Folawn, Portland, argued the cause and filed the petition for petitioner on review. With him on the petition was Martin W. Jaqua.

Lindsey Hughes, of Hallmark, Keating & Abbott, P.C., Portland, argued the cause for respondent on review.

Before Carson, Chief Justice, and Peterson, Gillette, Van Hoomissen, Fadeley, and Unis, Justices.

PETERSON, J.

## PETERSON, J.

Two lawyers were employed by plaintiff to assert a medical negligence claim on her behalf. One lawyer represented to the other that there was no time pressure for filing the claim. The other lawyer relied on that representation. However, there was time pressure, and plaintiff lost her medical negligence claim because the statute of limitations ran. She then brought an action against both lawyers, asserting that they were negligent in failing timely to file her medical negligence claim. After settlement of plaintiff's claim, the lawyer to whom the representation was made sought indemnity from the lawyer who made the representation. The trial court directed verdict against the lawyer who sought indemnity. The issue here is whether the lawyer who represented that there was no time pressure for filing the claim should be required to indemnify the other lawyer.

We take the facts from the Court of Appeals' opinion, set forth in the light most favorable to the person against whom the verdict was directed. *Franklin v. Safeco Ins. Co. of America*, 303 Or 376, 378, 737 P2d 1231 (1987).

"On December 13, 1979, Scott retained Lopez, a Washington attorney who was not licensed to practice law in Oregon, to pursue a medical malpractice claim arising from cancer surgery performed on her in Oregon in the summer of 1979. Lopez did nothing about filing an action until the spring of 1981, when he contacted Jackson, an Oregon attorney whom he knew, to become associated in the case. Jackson said that he had had no experience in that field, but Lopez assured him that that was not necessary, because his firm would provide the expertise; he needed an attorney licensed in Oregon to file the complaint. Jackson was to receive 50 percent of any attorney fees earned.

"Lopez did not contact Jackson again until July 24, 1981, when Jackson received a letter from him, enclosing a proposed complaint. Jackson was instructed to modify the proposed complaint to conform to Oregon procedural rules, put it on his pleading paper and get it filed 'as soon as possible.' Jackson telephoned Lopez and told him that he believed that the complaint was insufficient to meet Oregon pleading requirements. The complaint contained none of the dates relevant to determining when the Statute of Limitations had commenced to run. *Jackson asked Lopez whether there was any time pressure, and Lopez assured him that there was not.*

Jackson did ask Lopez for the date of the alleged negligence so that he could revise the complaint, and Lopez said that he would have to get back to him. Even though Jackson was instructed not to initiate contact with the Scotts, he admits that, *vis-a-vis* Scott, he was negligent in relying on Lopez. If the proposed complaint had been filed at that time, it would have been timely.

"Jackson did not learn of the relevant date until Lopez spoke to him on November 9, 1981, telling him for the first time the dates that were relevant to Scott's claim. Jackson expressed misgivings about working further on a case that appeared to be time-barred, but Lopez assured Jackson that he 'would handle that argument if the issue was raised.' On November 11, Lopez again told Jackson that the Statute of Limitations problem was Lopez' problem and that he would take care of it. Jackson filed a complaint on November 12.

"Jackson eventually tried the case to a jury, which found that the action was barred by the Statute of Limitations. Scott sued Lopez' firm and Jackson for malpractice. The case was settled for $65,000, of which Lopez paid $50,000 and Jackson paid $15,000. Jackson now seeks indemnity for the amount he paid, plus $7,398 expended in defending Scott's action.[1] Jackson's action against Lopez was tried to a jury; at the close of the case-in-chief, Lopez' motion for directed verdict was granted." *Scott v. Francis*, 100 Or App 392, 394-95, 786 P2d 1269 (1990) (emphasis added).[2]

The Court of Appeals relied on *Fulton Ins. v. White Motor Corp.*, 261 Or 206, 210, 493 P2d 138 (1972). *Fulton* states the applicable indemnity rule:

"In an action for indemnity, the claimant must plead and prove that (1) he has discharged a legal obligation owed to a third party; (2) the defendant was also liable to the third party; and (3) as between the claimant and the defendant, the obligation ought to be discharged by the latter. Restatement,

---

[1] Lopez does not resist the indemnity claim on the ground that Jackson must pay the entire claim of the third person in order to recover indemnity.

[2] The complete appellate procedural history is: original Court of Appeals opinion reversing trial court, 100 Or App 392, 786 P2d 1269, *modified on reconsideration*, 104 Or App 39, 789 P2d 1111 (1990); Supreme Court vacates Court of Appeals decisions with instructions to give the trial court leave under ORS 19.033(4) to enter a final judgment, 311 Or 151, 806 P2d 129 (1991); Court of Appeals' order of April 25, 1991, granted trial court leave to enter a final judgment; amended notice of appeal filed May 29, 1991; final opinion in Court of Appeals, 107 Or App 766, 811 P2d 927 (1991), adopting its former opinion on reconsideration.

Restitution § 76, 331 (1937). The last requirement means that, although the claimant must have been legally liable to the injured third party, his liability must have been 'secondary' or his fault merely 'passive,' while that of the defendant must have been 'active' or 'primary.' " (Citations omitted.)

The Court of Appeals applied the *Fulton* rule and held that the trial court erred in granting Lopez's motion for directed verdict. The Court of Appeals stated that Lopez's statements assuming responsibility for the statute of limitations were sufficient evidence so that a jury could reasonably find that:

"even though both attorneys were negligent as to Scott and that the nature of their negligence was the same, Lopez, as between the two attorneys, had assumed full responsibility for getting the complaint filed timely. Accordingly, a jury could reasonably find that Lopez was primarily responsible for Scott's damage, that Jackson was secondarily responsible for it and that an equitable distribution of responsibility requires that all of the damage to Scott should be borne by Lopez." 100 Or App at 398.

The statute of limitations ran in October 1981. On July 24, 1981, Jackson asked Lopez if there was any time pressure for filing the claim, and Lopez assured him that there was not. Jackson relied on Lopez's assurances. A jury could find that Jackson would have timely filed the complaint but for Lopez's assurances that there was no "time pressure."

In *Kennedy v. Colt*, 216 Or 647, 339 P2d 450 (1959), a seller of timber misrepresented boundary lines to a buyer, and the buyer mistakenly harvested timber from a third person's land. The third person won a trespass action against the buyer, who sought indemnity from the seller. In affirming a judgment awarding indemnity to the buyer, the *Kennedy* court stated:

"As between other wrongdoers, we are of the opinion that, whether or not indemnity will lie, depends, not so much as to who was primarily or secondarily *liable*, as to who was primarily and secondarily *responsible* for the wrongful act." 216 Or at 653 (emphasis added).

The indemnity claim was upheld because the *responsibility* for the trespass was attributable solely to the seller's misrepresentation. A jury might find that true here, as well. A jury could find that Jackson's failure timely to file stemmed solely from his reliance on Lopez's misrepresentation that there was no time pressure for filing the claim. A person who is induced to act as a result of another's misrepresentation, and thereby becomes liable to a third person, is not necessarily in equal fault with the person who made the misrepresentation. Joint liability does not necessarily mean equal fault. Although Jackson and Lopez were *liable* to plaintiff, a jury could find that Lopez, as a result of his misrepresentation, was primarily *responsible* for the tort and should therefore indemnify Jackson.

Further support for this result is found in Restatement (Second) of Torts § 886B, which states in part:

"(1)   If two persons are liable in tort to a third person for the same harm and one of them discharges the liability of both, he is entitled to indemnity from the other if the other would be unjustly enriched at his expense by the discharge of the liability.

"(2)   Instances in which indemnity is granted under this principle include the following:

"* * * * *

"(c)   The indemnitee was induced to act by a misrepresentation on the part of the indemnitor, upon which he justifiably relied[.]"[3]

Based on that principle, a jury could find that, as between Lopez and Jackson, Lopez's statement of July 24 was a misrepresentation, and that Jackson's liability to plaintiff resulted from his justifiable reliance on that misrepresentation.[4]

---

[3] Restatement (Second) of Torts § 525, comment *b*, at 56, defines "misrepresentation" as follows:

" 'Misrepresentation' is used in this Restatement to denote not only words *spoken or written but also any other conduct that amounts to* an assertion not in accordance with the truth. Thus, words or conduct asserting the existence of a fact constitute a misrepresentation if the fact does not exist."

[4] In his appeal to the Court of Appeals, Jackson also asserted that Lopez may be liable on a contract theory. The Court of Appeals first rejected this claim. 100 Or App

Jackson has offered evidence sufficient to go to the jury on the three elements of indemnity required by *Fulton Ins. v. White Motor Corp., supra,* 261 Or at 210, including the requirement that, "as between the claimant and the defendant, the obligation ought to be discharged by the latter." Therefore, the trial court erred in granting Lopez's motion for directed verdict on Jackson's indemnity claim.

The decision of the Court of Appeals is affirmed. The judgment of the circuit court is reversed, and the case is remanded to the circuit court for further proceedings.

---

at 398. On petition for reconsideration, the court reversed itself, ruling that the evidence was sufficient to go to the jury. 104 Or App at 42-43. Lopez does not seek review of that ruling.