On third-party defendants - respondents' petition for reconsideration filed January 20, reconsideration allowed; opinion (116 Or App 106, 840 P2d 1345) modified and adhered to as modified; reversed and remanded in part; otherwise affirmed April 14, Jackson County's petition for reconsideration and Rogue Valley's petition for reconsideration denied September 1, both petitions for review denied October 26, 1993 (318 Or _____)

## James H. AMMONS,
*Plaintiff,*

*v.*

## JACKSON COUNTY,
a political subdivision of the State of Oregon,
*Defendant.*

## JACKSON COUNTY,
a political subdivision of the State of Oregon,
*Third-Party Plaintiff - Appellant,*

*v.*

## ROGUE VALLEY MEDICAL CENTER,
an Oregon corporation,
and John S. Campbell,
*Third-Party Defendants - Respondents.*

(90-637-L-6; CA A70551)

850 P2d 376

182

Lindsey H. Hughes and Hallmark, Keating & Abbott, P.C., Portland, for petition.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

## WARREN, P. J.

Defendants petition for review of our decision reversing the trial court's dismissal of Jackson County's (County) third-party complaint against them. 116 Or App 106, 840 P2d 1345 (1992). We treat the petition as one for reconsideration, ORAP 9.15, allow it, and modify the opinion to affirm the trial court's dismissal of the negligence claim.

The only issue that we address on reconsideration is the effect of the Supreme Court's decision in *Onita Pacific Corp. v. Trustees of Bronson*, 315 Or 149, 843 P2d 890 (1992), which was decided after we issued our opinion in this case. The question is whether *Onita* changes our analysis of the type of special relationship that is necessary to impose liability for purely economic loss caused by a defendant's negligence. We conclude that it does.

■■ In *Onita*, the Supreme Court recognized the existence of a cause of action for negligent misrepresentation. More important to this case, however, is its discussion of what types of relationships give rise to a duty to exercise care to protect against purely economic loss. As we recognized in our opinion,

> "[purely e]conomic loss can be recovered only if there is '[s]ome source of a duty outside the common law of negligence,' *Hale v. Groce*, 304 Or 281, 284, 744 P2d 1289 (1987), *i.e.*, 'some relationship between the parties that gives rise to a duty other than that which exists simply by virtue of the foreseeability of harm.' *Onita Pacific Corp. v. Trustees of Bronson*, 104 Or App 696, 708, 803 P2d 756 (1990)[.]'" 116 Or App at 109.

The Supreme Court explained:

> "[W]e examine the nature of the parties' relationship and compare that relationship to other relationships in which the law imposes a duty on parties to conduct themselves reasonably, so as to protect the other parties to the relationship." 315 Or at 160.

The court went on to discuss various relationships between professionals and their clients or intended beneficiaries of their professional services, *e.g.*, attorneys, engineers, architects. The court concluded:

"In the above relationships, the professional who owes a duty of care is, at least in part, acting to further the economic interests of the 'client,' the person owed the duty of care." 315 Or at 161.

In our opinion in this case, we did not specifically compare the relationship between County and defendants with the other special relationships that the Supreme Court has recognized are subject to a duty of care outside the common law. We determined instead that the relationship was nonetheless "sufficiently close to create a special relationship giving rise to a duty of care." 116 Or App at 111. That conclusion cannot stand in the light of the Supreme Court's analysis in *Onita*.

The common thread in the special relationships that the Supreme Court has recognized as giving rise to a duty of care to protect against purely economic loss is that the professional is acting, at least in part, to further the economic interests of the person to whom the duty is owed. 315 Or at 161. Here, there is no such economic connection. In each of the relationships recognized in *Onita*, the basis of the relationship was economic, and the professional's advice or conduct was directed at protecting economic interests or accomplishing an economic goal. In contrast, defendants were not acting to further the economic interests of either Ammons or County when they treated Ammons or gave advice and information to County. The focus of their conduct was Ammons' physical condition. That focus is consistent with the medical professional's traditional duty to prevent physical, not economic, harm. At least in the absence of some allegation of an economic connection between defendants and County, we conclude that, under the Supreme Court's analysis in *Onita*, County has not alleged a special relationship that would give rise to a duty of care to prevent foreseeable economic harm.

Defendants' arguments regarding the indemnity claim were addressed and rejected in our original opinion, and we adhere to that part of it.

Reconsideration allowed; opinion modified and adhered to as modified; reversed and remanded on indemnity claim in the original third-party complaint; otherwise affirmed.