Argued and submitted September 11, reversed and remanded November 8, 1995, petition for review denied January 23, 1996 (322 Or 489)

Daryl L. MEININGER
and Cecile M. Meininger,
husband and wife,
*Appellants,*

*v.*

HENRIS ROOFING & SUPPLY
OF KLAMATH COUNTY, INC.,
an Oregon corporation,
*Respondent.*

(9302587CV; CA A86883)

905 P2d 861

Donald R. Crane argued the cause and filed the brief for appellants.

Blair M. Henderson argued the cause for respondent. With him on the brief was Henderson, Molatore & Klein.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

WARREN, P. J.

## WARREN, P. J.

Plaintiffs appeal a summary judgment for defendant in this action for negligent misrepresentation. We reverse.

We view the facts in the light most favorable to plaintiff, who opposed the motion. *Seeborg v. General Motors Corporation*, 284 Or 695, 588 P2d 1100 (1978). In 1992, plaintiffs were looking for a house to buy in Klamath Falls. Cunard, a real estate agent, showed them a house that was listed with her company and owned by the Hamiltons. Plaintiffs were concerned about the design and condition of the roof of the house and asked Cunard to obtain a roof inspection. Cunard retained defendant, a roofing company, to inspect the roof. Her request for inspection said, in part:

> "I am going to meet the new buyers at the house at 1:00 p.m. on January 17, 1992, if you would be able to meet us then we would appreciate it very much."

Defendant performed the inspection and provided a report, which said that the roof "should last 8 to 10 years more."

Plaintiffs purchased the house. The roof was not as represented and leaked severely the winter following plaintiffs' purchase.

Plaintiffs then brought this action for negligent misrepresentation, alleging that defendant had been negligent in its inspection of the roof, that plaintiffs relied on the misrepresentation in deciding to purchase the house, and that they were damaged by the cost of roof repair. Defendant moved for summary judgment, arguing that there was no contractual relationship between it and plaintiffs, and that defendant could not be liable to plaintiffs as a matter of law, because it performed the inspection on behalf of the sellers, with whom plaintiffs were dealing in arms-length negotiations. Plaintiffs argued that they had requested the inspection, and that defendant had a duty to avoid misrepresentations to them as intended third-party beneficiaries of the inspection report. The trial court agreed with defendant and granted summary judgment. Plaintiffs appeal.

Defendant is entitled to summary judgment if it established that there were no genuine issues of material fact and that it was entitled to judgment as a matter of law. ORCP

47 C.[1] There are no factual disputes over material issues.[2] The issue is whether a roof inspector hired by the sellers' agent to inspect a roof in contemplation of the sale of a house has a duty to the buyers to avoid negligently misrepresenting the condition of the roof. We conclude under the facts of this summary judgment record that it does.

In *Onita Pacific Corp. v. Trustees of Bronson*, 315 Or 149, 843 P2d 890 (1992), the Supreme Court recognized the tort of negligent misrepresentation. It noted that, in Oregon,

"nongratuitous suppliers of information owe a duty to their clients or employers *or to intended third-party beneficiaries* of their contractual, professional, or employment relationship to exercise reasonable care to avoid misrepresenting facts." 315 Or at 165. (Emphasis supplied.)

However, not all types of relationships give rise to a duty of care to protect against purely economic loss. "The common thread in the special relationships that the Supreme Court has recognized as giving rise to a duty of care to protect against purely economic loss is that the professional is acting, at least in part, to further the economic interests of the person to whom the duty is owed." *Ammons v. Jackson County*, 119 Or App 181, 184, 850 P2d 376, *rev den* 318 Or 24 (1993).

Here, there is no dispute that defendant was in a contractual relationship to provide a roof inspection. The evidence shows that the purpose of that inspection was to provide an opinion about the condition of the roof to plaintiffs as potential purchasers. Thus, plaintiffs were intended beneficiaries of the contractual relationship. *See Restatement (Second) Torts § 552, comments g, h* (1976). By providing the inspection reports for use by plaintiffs, defendant was acting, at least in part, to further the economic interests of plaintiffs, the buyers. Therefore, defendant owed plaintiffs a duty to exercise reasonable care to avoid making misrepresentations about the condition of the roof.

---

[1] ORCP 47 C was amended by Oregon Laws 1995, chapter 618, section 5, in ways that do not affect this case.

[2] There is some question about who paid for the inspection. The factual question is not dispositive, however, because even assuming that the sellers paid, defendant nonetheless owed plaintiffs a duty to exercise reasonable care to avoid misrepresentations.

Defendant argues that it cannot be held liable, because plaintiffs were in an arms-length negotiation with the sellers, that defendant was hired by the sellers' agent to perform the inspection, and therefore under *Onita*, defendant cannot be liable to plaintiffs. Defendant is wrong. In *Onita*, the defendants and the plaintiffs were themselves in an arms-length negotiation. The court concluded that, in such an adversarial relationship, "a negligent misrepresentation is not actionable." 315 Or at 165. In this case, in contrast, plaintiffs were not in an arms-length negotiation with *defendant*. Defendant was hired to provide a professional opinion about the condition of the roof, which it knew would be communicated to and relied upon by plaintiffs. There was no arms-length, adversarial relationship between plaintiffs and defendant.

Reversed and remanded.