91 F.3d 150
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
BART ASSOCIATES, INC., Plaintiff,
v.
MACLEAN-FOGG COMPANY, et al., Defendants.
MACLEAN-FOGG COMPANY, a corporation, d/b/a Reliable Power
Products, Cross-claimant-Appellant,
v.
SQUARE D COMPANY, a corporation, d/b/a/ Square D/Anderson;
Brunner Drilling and Manufacturing Company, Inc.,
Cross-defendants-Appellees.
 No. 9535023.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 10, 1996.
Decided July 10, 1996.
 
 Before: GOODWIN, SKOPIL, and SCHROEDER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 This appeal arises from Maclean-Fogg Company dba Reliable Power Products' ("Reliable") action for contribution or indemnification against defendants Square D Company ("Square D") and Brunner Drilling Manufacturing Company, Inc. ("Brunner"). Reliable initially incurred liability to a third party for property damages when, on two separate occasions, "bent bolts," which Reliable had sold to hold up high voltage transmission lines broke. Reliable had purchased the bent bolts from Square D, which, in turn, had purchased the bolts from Brunner, the manufacturer. At trial, the jury rejected Reliable's indemnity claim, and allocated responsibility for damages among the parties as follows: 42.7% to Reliable, 35.8% to Square D, and 21.5% to Brunner. Reliable appeals only the adverse judgment on the indemnification claim.
 
 
 3
 On appeal, Reliable takes issue with the verdict form that the district court submitted to the jury on indemnification. Reliable argues that because there were two separate incidents in which bent bolts broke and property damage resulted, the jury should have been asked to address the indemnity claim for each incident separately. Instead, the jury was asked only one question, namely, whether either Square D or Brunner should indemnify Reliable.[1]
 
 
 4
 The district court has discretion to determine the form of the verdict and the interrogatories, provided the questions asked are sufficient to obtain a jury determination of all factual issues essential to judgment. In re Hawaii Federal Asbestos Cases, 871 F.2d 891, 894 (9th Cir.1989). Here, the district court explained that the two bolt breakages were not materially different and that treating the two incidents separately might confuse the jury.
 
 
 5
 Reliable argues that the two incidents were materially different because the relative fault was not the same from one breakage to the next. See generally Scott v. Francis, 838 P.2d 596, 598 (Or.1992) (indemnity available only if plaintiffs' relative fault is secondary or passive). Reliable points out that after the first bolt broke, they told Square D that a bolt had broken. Therefore, argues Reliable, Square D was significantly more culpable with regard to the second breakage because they did not act to prevent it despite being on notice.
 
 
 6
 This distinction, however, does not make the incidents materially different. Although Reliable did tell Square D that a bolt had broken after the first incident, this notice did not specify the circumstances surrounding the breakage. More importantly, this incomplete notice was only one of many factors for the jury to consider in apportioning liability between the parties. For example, the evidence showed that Square D never realized that it had shipped Reliable defective bolts until after the second breakage incident. The evidence also showed that Reliable ordered the bolts without giving Square D information about how the bolts were to be used, and without knowing the bolts' precise specifications. Furthermore, evidence shows that Reliable was required to test the bolts before using them, and that Reliable never did so, even after the first bolt had broken. We hold that in these circumstances the district court presented all the factual issues essential to judgment to the jury. Asbestos Cases, 871 F.2d at 894. The district court did not abuse its discretion in refusing to instruct the jury separately with respect to the two episodes.
 
 
 7
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 The jury verdict form also treated the two bolt breakage incidents together on the question of contributory damages. Reliable does not appeal this portion of the jury verdict. Rather, Reliable seeks a partial retrial on just the issue of indemnification. Even if we were to agree with the substance of Reliable's argument, a partial retrial is not the appropriate remedy. See Gasoline Prods. Co. v. Champlin Ref. Co., 283 U.S. 494, 500 (1931) (the power to grant a partial retrial "may not properly be resorted to unless it clearly appears that the issue to be retried is so distinct and separable from the others that a trial of it alone may be had without injustice.")