Argued and submitted June 2, 2005, affirmed May 10, 2006

Michael E. FEFFER
and Deborah S. Feffer,
*Plaintiffs,*

*v.*

ADMINISTRATIVE SCHOOL DISTRICT NO. 1,
Bend-La Pine Public Schools,
*Defendant.*

ADMINISTRATIVE SCHOOL DISTRICT NO. 1,
Bend-La Pine Public Schools,
*Third-Party Plaintiff - Respondent,*

*v.*

BARBER BARRETT TURNER ARCHITECTS, INC.,
a corporation,
*Third-Party Defendant - Appellant.*

01CV0453ST; A122633

135 P3d 360

John H. Baker argued the cause for appellant. With him on the briefs was Jordan Schrader PC.

Patricia N. Condon argued the cause for respondent. With her on the brief was Smith Freed & Eberhard, PC.

Before Wollheim, Presiding Judge, and Edmonds* and Schuman, Judges.

WOLLHEIM, P. J.

---

* Edmonds, J., *vice* Richardson, S. J.

**WOLLHEIM, P. J.**

The trial court dismissed the third-party complaint of third-party plaintiff Bend-La Pine Administrative School District No. 1 (the district) against third-party defendant Barber Barrett Turner Architects (Barber) seeking indemnity and contribution for plaintiffs' claims against the district. Because the trial court dismissed the district's third-party complaint, the trial court denied Barber's motion for summary judgment. The trial court also denied Barber's petition for attorney fees. Barber appeals from the judgment denying its petition for attorney fees and the judgment entered pursuant to ORCP 67 B dismissing the third-party complaint. We affirm.

Plaintiffs filed an action against the district alleging that water flowing from the district's property was causing damage to plaintiffs' adjacent property. Plaintiffs alleged nuisance, trespass, and negligence. One of plaintiffs' negligence claims alleged that the district, "its Architects, its Contractors and Designers, failed to follow recognized and recommended procedures * * *."

Based on plaintiffs' allegations, the district filed a third-party complaint against Barber for contribution and indemnity, based on the contractual relationship between the district and Barber. The district did not allege specific acts of negligence committed by Barber, but instead only restated plaintiffs' negligence claim and argued that, if the district were determined to be negligent, then Barber would be responsible and should indemnify the district. In response, Barber filed a combined ORCP 21 motion for dismissal and ORCP 47 motion for summary judgment, arguing, respectively, that the district failed to plead sufficient facts to state a claim for relief and that Barber was entitled to judgment as a matter of law. After a hearing, the trial court granted Barber's ORCP 21 motion, stating, "[The] third party complaint is defective in failing to clearly indicate under what circumstances the [district] believes that [Barber] would be liable to [it]. At a minimum [the district will] have to replead to cure that defect." The trial court then denied Barber's motion for summary judgment.

After the dismissal of the district's third-party complaint, the district filed an amended third-party complaint, attempting to comply with the trial court's ruling. Barber raised the same objections to the amended third-party complaint, and the trial court again dismissed the complaint and again denied Barber's motion for summary judgment.

Barber then filed a Petition for Attorney Fees and Disbursements based on the contract between the parties and ORS 20.105. After a hearing, the trial court concluded that the district's claim against Barber did not arise out of the contract between the parties. The court also concluded that the district had an objectively reasonable basis for asserting its claim. Based on those conclusions, the trial court denied Barber's petition for attorney fees based on either the contract or ORS 20.105. A judgment was entered, and Barber appeals from that judgment.

Barber makes three assignments of error. First, Barber argues that the contract between the parties and ORS 20.096 authorizes attorney fees in this situation. Second, Barber argues that ORS 20.105 authorizes attorney fees because the district had "no objectively reasonable basis" in filing a third-party complaint. Finally, Barber argues that it was entitled to summary judgment. We reject those contentions in turn.

We begin with Barber's first assignment of error, that the contract between the parties authorizes an award of attorney fees where the complaint is dismissed for failure to state a claim. We review a trial court's holding regarding a contractual entitlement to attorney fees as a matter of law. *Koster Remodeling & Construction, Inc. v. Jataka*, 155 Or App 142, 145, 963 P2d 726 (1998). The attorney fee provision in the contract between the parties provides:

> "Should it be determined through any litigation proceeding that either party has *committed a breach of this Agreement for which the other is entitled to damages*, the prevailing party shall be entitled to reasonable attorney's fees, expenses of litigation and all expenses required to recover said damages."

(Emphasis added.)

■■ In interpreting a contract, we first examine the text and context to determine if the contract is ambiguous. *Batzer Construction, Inc. v. Boyer*, 204 Or App 309, 317-18, 129 P3d 773 (2006). Whether a contract is ambiguous presents a question of law. *Id.* at 317. Based on the text and context, we conclude that the attorney fee provision is unambiguous. The attorney fee provision authorizes attorney fees to the prevailing party *only* when it is determined that the other party has committed a breach of the contract entitling the prevailing party to damages. Here, neither party was determined to have breached the contract, much less determined to be entitled to damages. We therefore reject Barber's argument that the contract's attorney fee provision authorizes an award of attorney fees to Barber in the absence of a determination that the district committed a breach of the parties' contract.

■ Barber acknowledges the language of the contract's attorney fee section, but argues that ORS 20.096(1) "corrects that inequity." ORS 20.096[1] is a reciprocity statute that entitles both parties to recover attorney fees under the same circumstances, even if one of the parties is not specifically named in the contract. *Benchmark Northwest, Inc. v. Sambhi*, 191 Or App 520, 524, 83 P3d 348 (2004). We have previously recognized that ORS 20.096(1) "should be broadly construed." *Id.* However, ORS 20.096(1) does not authorize an award of attorney fees to one party when *neither* party is entitled to an award of attorney fees. Accordingly, ORS 20.096(1) does not authorize an award of attorney fees to Barber.

We next turn to Barber's second assignment of error, that it is entitled to attorney fees under ORS 20.105. That statute provides, in part:

"(1) In any civil action, * * * the court shall award reasonable attorney fees to a party against whom a claim * * * is asserted, if that party is a prevailing party in the

---

[1] ORS 20.096(1) provides:

"In any action or suit in which a claim is made based on a contract, where such contract specifically provides that attorney fees and costs incurred to enforce the provisions of the contract shall be awarded to one of the parties, the party that prevails on the claim, whether that party is the party specified in the contract or not, shall be entitled to reasonable attorney fees in addition to costs and disbursements."

proceeding and to be paid by the party asserting the claim * * * upon a finding by the court * * * that there was *no objectively reasonable basis for asserting the claim * * *.*"

(Emphasis added.) In denying Barber's claim for attorney fees under that provision, the trial court found that

"the District's reliance upon the plaintiff's complaint constitutes a reasonable inquiry, under the circumstances, sufficient to support the District's knowledge, information and belief as to the third party complaint. The District therefore had an objectively reasonable basis for asserting its claims against [Barber] and [Barber] cannot recover attorney fees pursuant to ORS 20.105."

Barber argues that, because the district had no evidence on which to base a claim of negligence, there was no objectively reasonable basis for filing a third-party complaint. We review the trial court's determination of whether the district's claims were "objectively reasonable" for errors of law. *Secor Investments, LLC v. Anderegg*, 188 Or App 154, 175, 71 P3d 538, *rev den*, 336 Or 146 (2003).

ORCP 22 C, the rule governing third-party practice, was modeled after FRCP 14(a), and should be construed in a similar fashion. *Freeport Investment Co. v. R. A. Gray & Co.*, 94 Or App 648, 652-53, 767 P2d 83, *rev den*, 308 Or 33 (1989). In *Freeport*, we stated,

"Federal impleader is designed to decide contingent liability as well as primary liability and the third-party claim can accelerate determination of the liability, if any, between the third-party plaintiff and the third-party defendant. As a prerequisite to that contingency, a court may grant a conditional judgment against the third-party defendant that does not become enforceable until the third-party plaintiff is otherwise determined to be entitled to judgment or payment of the judgment."

*Id.* at 653 (citations and internal quotation marks omitted).

Here, the district denied that it was at fault for plaintiffs' damages. In the alternative, in its third-party complaint, the district alleged that, if it were found to be at fault, then it would have been entitled to either contribution or indemnity from Barber. The merits of those allegations are not before us because the trial court dismissed the district's

third-party complaint for failure to state a cause of action, and the district did not cross-appeal that dismissal. The issue before us is whether there was no objectively reasonable basis for asserting the claims of contribution and indemnity. In *Ammons v. Jackson County*, 116 Or App 106, 113, 840 P2d 1345 (1992), *adh'd to as modified on recons*, 119 Or App 181, 850 P2d 376, *rev den*, 318 Or 24 (1993), we held that a third-party complaint sufficiently stated a claim for relief by alleging that if the third-party plaintiff were found liable to the plaintiff, then liability should be discharged by the third-party defendant. The third-party complaint here is similar to that in *Ammons*. Based on Barber's contractual obligation to indemnify the district for damages resulting from Barber's negligence, the district had a sufficient basis to allege third-party liability against Barber. Therefore, the district cannot be said to have had "no objectively reasonable basis" for filing the third-party complaint. Barber is not entitled to attorney fees under ORS 20.105.

Finally, we address Barber's argument that it was entitled to summary judgment. Because there is no dispute of material fact, we review for errors of law. *Baker v. City of Woodburn*, 190 Or App 445, 450, 79 P3d 901 (2003), *rev den*, 336 Or 615 (2004). ORCP 47 B allows a "party *against whom a claim* is sought * * * [to] move * * * for a summary judgment in that party's favor as to all or any part thereof." (Emphasis added.) The third-party complaint was dismissed. Thus there was no claim against Barber. Without a claim against it, Barber was not entitled to summary judgment.

Affirmed.