Argued and submitted October 11, remanded with instructions to vacate limited judgment in favor of Kouba and dismiss third-party claim as moot December 14, 2005

Wayne SELLS
and Beth Ann Riley,
*Plaintiffs,*

*v.*

BLAZER HOMES, INC.,
an Oregon corporation,
*Defendant.*

BLAZER HOMES, INC.,
an Oregon corporation
*Appellant,*

*v.*

DRYVIT SYSTEMS, INC.,
a Rhode Island corporation;
G & S Construction,
dba Alpine Plastering;
Haltiner Sheetmetal, Inc.,
an Oregon corporation;
Northwest Shake Tile, Inc.,
an Oregon corporation;
Tom Whelchel Construction, Inc.,
an Oregon corporation;
Cliff Hoyt Concrete; Spectra Caulking,
an Oregon corporation; and
Estate of George Skorpil,
*Third-Party Defendants,*

*and*

KOUBA CONSTRUCTION, INC.,
an Oregon corporation,
*Respondent.*

0209-09448; A123986

124 P3d 1249

Lisa E. Lear argued the cause for appellant. With her on the briefs were Peter J. Viteznik, Timothy J. Calderbank, and Bullivant Houser Bailey PC.

Janet M. Schroer argued the cause for respondent. With her on the briefs were Cecil Reniche-Smith and Hoffman, Hart & Wagner, LLP.

Before Landau, Presiding Judge, and Wollheim and Rosenblum, Judges.

PER CURIAM

## PER CURIAM

Plaintiffs initiated this action against defendant Blazer Homes, Inc., alleging faulty construction of plaintiffs' home. Blazer initiated a third-party action against Kouba, one of its subcontractors, for indemnification and contribution "to the extent third-party plaintiff Blazer is found liable to plaintiffs[.]" The trial court granted Kouba's motion for summary judgment and entered a limited judgment in favor of Kouba on the third-party claim. Blazer appeals. At oral argument, it came to this court's attention that, after judgment was entered in this case, the primary complaint filed by plaintiffs against Blazer was dismissed with prejudice. At this court's request, the parties submitted supplemental briefs. They agree that, in light of dismissal of the primary claim against Blazer, Blazer's appeal is moot. *See First Commerce of America v. Nimbus Center Assoc.*, 329 Or 199, 202, 986 P2d 556 (1999) (where primary claim is dismissed and record does not disclose the terms of any settlement agreement, third-party claim is moot). We agree and, consequently, remand this case to the trial court with instructions to vacate its judgment and dismiss the third-party claim as moot. *See id.*

Remanded with instructions to vacate limited judgment in favor of Kouba and dismiss third-party claim as moot.