554

Argued and submitted November 28, 2012, affirmed May 15, 2013

Keith MARTON
and Rebecca Murphy,
*Plaintiffs,*

*v.*

ATER CONSTRUCTION COMPANY, LLC,
an Oregon limited liability company; et al,
*Defendants.*

ATER CONSTRUCTION COMPANY, LLC,
an Oregon limited liability company,
*Third-Party Plaintiff-Appellant,*

*v.*

MARVIN WINDOWS, INC.,
a Minnesota corporation,
dba Marvin Windows and Doors;
and Medallion Industries, Inc,
an Oregon corporation,
*Third-Party Defendants-Respondents,*

*and*

PLATINUM CONSTRUCTION, INC,
an Oregon corporation; et al,
*Third-Party Defendants.*

Multnomah County Circuit Court
060910333; A148407

302 P3d 1198

Peter J. Viteznik argued the cause for appellant. With him on the briefs was Kilmer, Voorhees & Laurick, P.C.

Thomas H. Boyd argued the cause for respondents. On the briefs were Jay W. Beattie and Lindsay, Hart, Neil & Weigler, LLP.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Hadlock, Judge.

SCHUMAN, P. J.

## SCHUMAN, P. J.

This case arises out of construction defects in plaintiffs' home. Plaintiffs sued Ater Construction Company, LLC (Ater), the builder of the home. Ater, in turn, filed a third-party complaint against a number of its subcontractors and suppliers, including Marvin Windows, Inc. (Marvin), who manufactured the windows used on the home, and Medallion Industries, Inc. (Medallion), the windows distributor. Ater and plaintiffs eventually elected to enter into what is known as a Mary Carter agreement, whereby Ater would remain in the litigation as a defendant but its ultimate liability to plaintiffs would be capped at $100,000. Subsequently, Marvin and Medallion moved for summary judgment on Ater's third-party claims, arguing that, because the Mary Carter agreement extinguished only *Ater's* liability—and not Marvin's or Medallion's liability—Ater's claims for contribution and indemnity failed as a matter of law. Marvin and Medallion also argued that Ater's negligence claim against them was barred by the economic loss doctrine. The trial court agreed with Marvin's and Medallion's arguments and granted summary judgment. Ater now appeals, and we affirm the judgment of the trial court.

The facts underlying the trial court's summary judgment ruling relate, for the most part, to the procedural history of the case. In 1998, plaintiffs purchased a home that was constructed by Ater. In April 2006, plaintiffs discovered water intrusion and related property damage, which they attributed to construction defects in the home. A few months after discovering those defects, plaintiffs filed an action against Ater for breach of contract and negligence. Shortly thereafter, in December 2006, Ater filed a third-party complaint against a number of the subcontractors and suppliers including Marvin and Medallion, alleging that those parties were at fault and therefore liable to Ater for any damages awarded to plaintiffs. Plaintiffs themselves did not allege claims against Marvin or Medallion.

In August 2007, Ater moved for summary judgment on plaintiffs' claims, arguing that the breach-of-contract claim was barred by the statute of limitations, and that the

negligence claims failed because Ater's standard of care was defined by the terms of the construction contract. The trial court granted the motion and entered a limited judgment dismissing plaintiffs' claims against Ater. Plaintiffs then appealed that judgment in June 2008, and Ater's third-party claims against Marvin and Medallion were abated pending the outcome of that appeal.

On appeal, plaintiffs settled with Ater before this court decided their case on the merits. The settlement involved a Mary Carter agreement—that is, a settlement whereby Ater was to remain in the litigation but with limited financial exposure. *See generally Grillo v. Burke's Paint Co.*, 275 Or 421, 551 P2d 449 (1976) (describing the origins and validity of Mary Carter agreements). Under the terms of the Mary Carter agreement, Ater promised that its insurer would "loan" plaintiffs $100,000, "$99,000 of which [plaintiffs] have no obligation to repay under any circumstances * * *." The remaining $1000 was "an advance on any verdict rendered against Ater." The agreement also contemplated that, to the extent that plaintiffs recovered more than $400,000 after litigation or settlement with parties other than Ater, then plaintiffs would pay Ater's insurer 10 percent of that excess recovery.

After reaching that settlement, plaintiffs filed a stipulated motion to dismiss their appeal. We granted that motion and remanded the case to the trial court in May 2010. Neither plaintiffs nor Ater requested that we vacate the trial court's limited judgment as part of our dismissal, so our remand left in place that judgment dismissing plaintiffs' claims against Ater.

Once the case was remanded to the trial court, the third-party defendants, Marvin and Medallion, filed motions for summary judgment against Ater. At the outset, they argued that the limited judgment, which was still in effect, barred Ater's claims: "Because plaintiffs' claims have been dismissed and because Ater has no cognizable claims against Marvin or Medallion, the court should now dismiss Ater's third-party claims against Marvin and Medallion in their entirety." In addition to that more generalized contention, Marvin and Medallion advanced claim-specific bases for summary

judgment. They argued that Ater's first claim for relief, which alleged negligence on the part of both third-party defendants, was barred by the economic loss doctrine. They also argued that Ater's claims for contribution and indemnity failed as a matter of law because Ater had discharged its *own* liability by way of the Mary Carter agreement, and not the liability of the third-party defendants.

The trial court conditionally granted the summary judgment motion on the ground that the third-party claims were moot in light of the limited judgment dismissing plaintiffs' underlying claims against Ater, but the court gave Ater 21 days to file a motion to vacate the limited judgment. Confronted with the preclusive effect of the limited judgment, Ater (along with plaintiffs) filed a motion to vacate it, citing the trial court's statutory and inherent authority to vacate its own judgments. Over the objection of Marvin and Medallion, the trial court granted the motion and vacated both the limited judgment and its conditional summary judgment order.[1]

After an additional round of briefing, the trial court then considered the other arguments raised in Marvin's and Medallion's motion for summary judgment, which the court previously had not reached because of its conclusion that the claims were moot. This time, the court agreed with Marvin and Medallion that Ater's negligence claim alleged purely economic losses and was therefore barred, and that the Mary Carter agreement, which settled plaintiffs' claims against only Ater, precluded any subsequent claims for contribution and indemnity. The court then entered a limited judgment dismissing Ater's third-party claims against Marvin and Medallion in their entirety.[2]

Ater now appeals that judgment, arguing that the trial court misunderstood the principles of third-party liability. First, Ater argues that, contrary to the court's ruling, a third-party plaintiff is not required to obtain a release or

---

[1] The motion to vacate the limited judgment was decided by the Honorable Janice R. Wilson.

[2] Ater alleged other claims in its third-party complaint that were also dismissed on summary judgment. Those claims are not at issue on appeal, and we do not discuss them further.

extinguishment of claims against joint tortfeasors before bringing contribution and indemnity claims. Second, Ater argues that its negligence claim was derivative of plaintiffs' claim for property damage and, for that reason, does not allege purely economic loss. Marvin and Medallion respond that the trial court's summary judgment ruling was correct in both respects; moreover, in a cross-assignment of error, they contend that the trial court should not have vacated the underlying limited judgment in favor of Ater, and that the dismissal of the third-party claims can be affirmed on that alternative basis. We affirm the trial court's summary judgment ruling, and therefore do not reach the cross-assignment of error.

We begin with Ater's claims for contribution and indemnity. In its contribution claim, Ater alleges that, "[i]f Ater is found liable to the Plaintiffs or is found liable for any defects in the materials used or work performed by Third-Party Defendants, Ater is entitled to contribution from the Third-Party Defendants pursuant to [ORS 31.800] *et seq.* and in accordance with each of their proportionate degrees of fault." The statutory source of the claim, ORS 31.800, provides that, "where two or more persons become jointly or severally liable in tort for the same injury to person or property," there exists a right of contribution "in favor of a tortfeasor who has paid more than a proportional share of the common liability." ORS 31.800(1), (2).[3] The statute, however, restricts the ability of a settling tortfeasor to obtain contribution from nonsettling parties. Under ORS 31.800(3), "[a] tortfeasor who enters into a settlement with a claimant is

---

[3] We note that, in 1995, Oregon eliminated joint and several liability among negligent tortfeasors, instead adopting a comparative fault scheme whereby a tortfeasor is liable only for its percentage of fault, as determined in the original negligence action. However, when the legislature made that change, it did not amend or repeal the contribution statutes. As the court recently explained in *Lasley v. Combined Transport, Inc.*, 351 Or 1, 21, 261 P3d 1215 (2011), the right to contribution now comes into play only in narrow circumstances under a comparative fault scheme: "Because a defendant's liability is several only and the defendant is not obligated to pay more than its proportional share of liability, it seems that the circumstances in which a defendant will pay more than its proportional share and, therefore, have a reason to seek contribution from a codefendant will be quite limited." Nonetheless, the court explained, "ORS 31.800(2) continues to permit a claim for contribution should those circumstances exist"—*e.g.*, if a portion of the judgment is reallocated to tortfeasors under ORS 31.610(3). *Id.*

not entitled to recover contribution from another tortfeasor whose liability for the injury or wrongful death is not extinguished by the settlement nor in respect to any amount paid in a settlement which is in excess of what is reasonable."

Ater's indemnity claim, although similar to its contribution claim, is based on the common law. In that claim, Ater alleges that its liability, if any, is secondary and passive to the liability of Marvin and Medallion, and that, "to the extent that Ater is found liable, the Third-Party Defendants are liable to Ater * * *." In *Moore Excavating, Inc. v. Consolidated Supply Co.*, 186 Or App 324, 328-29, 63 P3d 592 (2003), we described what a party must plead and prove to establish an indemnity claim arising out of a settlement payment:

"In an action for indemnity, a plaintiff must plead and prove that (1) it has discharged a legal obligation owed to a third party; (2) the defendant was also liable to the third party; and (3) as between the plaintiff and the defendant, the obligation ought to be discharged by the defendant. *Fulton Ins. v. White Motor Corp.*, 261 Or 206, 210, 493 P2d 138 (1972), *overruled in part on other grounds by Waddill v. Anchor Hocking, Inc.*, 330 Or 376, 8 P3d 200 (2000). As stated above, the issue here is whether plaintiff has discharged a legal obligation owed to a third party. To prove that element, *plaintiff must show that it discharged the obligation owed to Aspen 'so as to extinguish both its own and defendants' liability.' Savelich Logging* [*v. Preston Mill Co.*, 265 Or 456, 460, 509 P2d 1179 (1973)]. Thus, the question we must answer is not whether, as a factual matter, Aspen is content with plaintiff's performance under their settlement. Rather, consistently with *Savelich Logging, the question is whether plaintiff has extinguished defendant's liability to Aspen.* In other words, we must determine whether, in settling with Aspen, plaintiff took steps to preclude Aspen, as a matter of law, from seeking damages from defendant for the leaking pipe. Because this case was disposed of on defendant's motion for summary judgment, the precise question is whether plaintiff adduced sufficient evidence to create an issue of material fact as to whether it extinguished defendant's liability."

(Emphases added.)

In this case, the trial court concluded that the settlement had not extinguished the liability of Marvin or Medallion, and that, in light of ORS 31.800 and *Moore Excavating, Inc.*, Ater therefore could not bring contribution or indemnity claims against those parties. The court explained that its conclusion was "based upon the court's understanding that, at this point in time,[4] the settlement agreement between Plaintiffs and Ater does not buy peace, through extinguishing potential liability of Marvin or Medallion, or both, to Plaintiffs."

On appeal, Ater does not engage with the language of ORS 31.800(3) or attempt to distinguish *Moore Excavating, Inc.* Rather, Ater relies on a procedural rule, ORCP 22 C(1), to argue that the trial court erred. That rule provides that a third-party plaintiff may proceed against a "person not a party to the action who *is or may be liable to* the third party plaintiff for all or part of the plaintiff's claim against the third party plaintiff * * *." (Emphasis added.) The "may be liable" language is important, Ater argues, because it "eliminates the need for Ater to obtain a release or extinguishment of claims on behalf of [Marvin and Medallion] before pursuing the third-party claims."

Contrary to Ater's argument, ORCP 22 C(1) does not alter the substance of a contribution claim under ORS 31.800 or a common-law claim for indemnity. ORCP 22 is a *procedural* rule that affects the timing—not the elements—of third-party claims. We have explained that the purpose of the "may be liable" language in Rule 22 "is to promote the expeditious and economical adjudication in a single action of the entire subject matter arising from a set of facts, including claims contingent on the determination of other issues in the case." *Kahn v. Weldin*, 60 Or App 365, 371, 653 P2d 1268 (1982), *rev den*, 294 Or 682 (1983). *See Freeport Investment Co. v. R.A. Gray & Co.*, 94 Or App 648, 652-53, 767 P2d 83, *rev den*, 308 Or 33 (1989) (explaining that "the

---

[4] Before they moved to vacate the judgment dismissing plaintiffs' claims, Ater and plaintiffs had attempted to extinguish the liability of Marvin and Medallion by way of an addendum to the Mary Carter agreement. After their motion to vacate was granted, they executed a second addendum that voided the first. Thus, at the time that the court decided the summary judgment motion, the Mary Carter agreement purported to extinguish only Ater's liability.

requirement of separate actions has been abrogated in the federal courts by FRCP 14(a), the rule after which ORCP 22 C was patterned," and that, under the corresponding federal rule "the third-party claim can accelerate determination of the liability, if any, between the third-party plaintiff and the third-party defendant" (internal citation and quotation marks omitted)). In other words, ORCP 22 allows parties to accelerate the determination of contingent liability; it does not provide an independent source of liability or alter the nature of the underlying claims in a third-party case.

Ater's substantive entitlement to contribution is governed by ORS 31.800, and on this record there is no genuine issue of material fact as to that entitlement. Ater entered into a settlement with plaintiffs but did not extinguish Marvin's or Medallion's liability, a prerequisite to a claim of contribution under that statute. ORCP 22 does not save Ater's claim in this circumstance, because the claim is not contingent in nature: The settlement is done, and there is no circumstance in which Ater will be entitled to recover any portion of its settlement payment from Marvin or Medallion under ORS 31.800(3).[5] The trial court did not err in granting summary judgment in favor of Marvin and Medallion on Ater's third-party claim for contribution.

The same is true with respect to Ater's indemnity claim. As described above, the "discharge [of] a legal obligation owed to a third party" is one of three elements of a claim for common-law indemnity. *See Fulton Ins.*, 261 Or at 210. In *Moore Excavating, Inc.*, we explicitly held that, "[t]o *prove that element*," an indemnity plaintiff who has settled must "show that it discharged the obligation owed to [the original plaintiff] 'so as to extinguish both its own and defendants' liability.'" 186 Or App at 329 (quoting *Savelich Logging*, 265 Or at 460) (emphasis added). ORCP 22 C does not relieve Ater of the obligation to prove that element of its indemnity claim.[6] The question on summary judgment

<hr/>

[5] Although Ater will stay in the litigation pursuant to the Mary Carter agreement, Ater's only remaining exposure is pursuant to the terms of the settlement agreement.

[6] In *Freeport Investment Co.*, which predated *Moore Excavating, Inc.*, we explained that ORCP 22 C had eliminated the requirement that an indemnity plaintiff discharge the obligation *before* bringing the claims against an indemnity

was not one of timing or contingency for purposes of ORCP 22 C, but concerned Ater's failure to prove that its settlement extinguished the liability of Marvin and Medallion, as required under the holding of *Moore Excavating, Inc.* There was no factual dispute as to whether the Mary Carter agreement extinguished Marvin's or Medallion's liability, so the trial court did not err in granting summary judgment on Ater's third-party claim for indemnity.[7]

That leaves Ater's negligence claim. In that claim, Ater alleges that "[t]he Third-Party Defendants' negligence was the legal cause of any damage to Ater in that Ater has been subjected to a lawsuit by Plaintiffs because of the Third-Party Defendants' conduct, and Ater has had to expend attorney fees and costs to defend the lawsuit and may have to expend additional sums to pay a judgment." Ater further alleges that, "[t]o the extent Ater incurs damages, in the form of Plaintiffs obtaining a judgment against Ater or otherwise, the damages are attributable to the Third-Party Defendants and are the foreseeable and proximate result of [the negligent conduct]."

Marvin and Medallion moved for summary judgment on that claim on the ground that it sought economic losses only, which "must be predicated on some duty of the negligent actor to the injured party beyond the common law duty to exercise reasonable care to prevent foreseeable harm." *Onita Pacific Corp. v. Trustees of Bronson*, 315 Or 149, 159, 843 P2d 890 (1992); *see Hale v. Groce*, 304 Or 281, 284, 744 P2d 1289 (1987) ("[O]ne ordinarily is not liable for negligently causing a stranger's purely economic loss without injuring his person or property."); *Moore Excavating, Inc.*, 186 Or App at 334 (holding that a supplier's obligation to a contractor arose out of their contract, not independently of it; the supplier

---

defendant. *Freeport Investment Co.* did not involve an indemnity plaintiff who discharged its obligation by way of a settlement and did not address the elements of an indemnity claim in those circumstances. Rather, *Freeport Investment Co.* is consistent with our view that ORCP 22 C is about the timing of third-party claims, not the substance of those claims.

[7] We do not understand Ater to argue that *Moore Excavating, Inc.* is distinguishable because Ater denies all liability and seeks only its defense costs. *See Moore Excavating, Inc.*, 186 Or App at 331 (distinguishing that circumstance).

"did not assume an obligation to pursue [the contractor's] economic interests" such that the contractor could recover in negligence for purely economic losses). Ater, in response, argued that the negligence claim concerns property damage caused by negligent construction, not economic loss. *See Harris v. Suniga*, 344 Or 301, 310-11, 180 P3d 12 (2008) ("Plaintiffs here seek recovery for physical damage to their real property, and this court's cases generally permit a property owner to recover in negligence for damages of that kind."). The trial court agreed with Marvin and Medallion, explaining that "[t]he problem with Ater's position is that, as to it, the losses suffered are economic loss only, namely it has a responsibility to pay money to Plaintiffs."

On appeal, Ater reprises its argument that its claims are actually property damage claims, because they are "derivative third party-claims asserted under ORCP 22 C(1)." According to Ater, "a derivative third-party claim relates back to the claims asserted by the original plaintiff ('all or part of the plaintiff's claim')." And, in this case, the underlying claim is based on property damage, not economic loss.

Once again, Ater conflates matters of procedure and substance. ORCP 22 C(1) authorizes Ater to bring, as part of the same action as plaintiffs' underlying claims, a third-party claim against Marvin and Medallion. ORCP 22, however, does not create a remedy where one otherwise does not exist.

In this case, Ater's negligence claim does not seek to recover for property damage that plaintiffs suffered. Rather, it seeks to recover damages that Ater itself incurred. The claim alleges that, "[t]o the extent *Ater incurs damages*, in the form of Plaintiffs obtaining a judgment against Ater or otherwise, the damages are attributable to the Third-Party Defendants and are the foreseeable and proximate result of [their negligent] conduct." (Emphasis added.) In its prayer for relief, Ater similarly prays "[t]hat *Ater recover* from the Third-Party Defendants based on a theory of negligence." (Emphasis added.) Although Ater now casts its negligence claim as one based on Marvin's and Medallion's liability *to plaintiffs* rather than Ater, that is not how the claim was

pleaded. The claim sought to recover Ater's own economic losses that were caused by Marvin's and Medallion's negligence, and such a claim generally is barred under Oregon law regardless of the nature of the underlying claims. *See Moore Excavating, Inc.*, 186 Or App at 334; *see also Simpkins v. Connor*, 210 Or App 224, 230, 150 P3d 417 (2006) ("Regardless of the basis of the underlying claim, the loss of that claim was an economic loss: plaintiff's alleged injury was the loss of a right to seek financial compensation, not an injury to person or property. Plaintiff's claim is in some ways comparable to a legal malpractice claim, in which damages arise from the loss of an underlying claim. Regardless of the nature of the underlying claims, such damages are generally considered economic loss."); *Allstate Ins. Co. v. Tenant Screening Services, Inc.*, 140 Or App 41, 47, 914 P2d 16 (1996) (analyzing a claim for money paid in settlement of a personal injury claim as a claim for economic loss); *Ammons v. Jackson County*, 116 Or App 106, 109-14, 840 P2d 1345 (1992), *modified on recons*, 119 Or App 181, 850 P2d 376, *rev den*, 318 Or 24 (1993) (expenses incurred in defending a claim because of another's negligence are purely economic losses). The trial court did not err in granting summary judgment on Ater's negligence claim against Marvin and Medallion.[8]

Affirmed.

---

[8] In *Lasley*, the Supreme Court explained that, despite the language of ORCP 22 C(1), which "indicates that a third-party claim is designed for the circumstance in which the third-party defendant is or may be liable to the third-party plaintiff," the language of the comparative fault statute, ORS 31.600, demonstrates that "[t]he legislature anticipated that a defendant could file a third-party complaint against a tortfeasor who would not be liable to the defendant but who could, instead, be liable *to the plaintiff*." 351 Or at 22 (emphasis added). That is not how Ater pleaded its negligence, contribution, or indemnity claims, each of which seeks damages based on Marvin's and Medallion's liability *to Ater*. Nor does Ater argue on appeal that, even if Marvin and Medallion are not liable to Ater, they are properly named as third-party defendants because they are at fault and liable in tort to plaintiffs. Accordingly, our analysis throughout this opinion is limited to claims that a third-party defendant is or may be liable to the third-party plaintiff.