RIVERVIEW CONDOMINIUM ASSOCIATION,
an Oregon non-profit corporation,
*Plaintiff,*

*v.*

CYPRESS VENTURES, INC.,
an Oregon domestic business corporation; et al,
*Defendants.*

BROOKFIELD DEVELOPMENT, INC.,
*Third-Party Plaintiff-Appellant,*

*v.*

Peter ZAIKIN,
dba Anytime Construction;
Mike Anfilofieff, dba Final Finish Carpentry;
and Modern Tech Construction, Inc.,
an Oregon corporation,
*Third-Party Defendants-Respondents,*

*and*

N.W. CUTTING EDGE CONST., INC.,
an Oregon corporation
and Rain-Master Roofing, Inc.,
an Oregon corporation,
*Third-Party Defendants.*

Multnomah County Circuit Court
100710713; A149542

338 P3d 755

Bruce R. Gilbert argued the cause for appellant. With him on the briefs were Stephen E. Archer and Smith Freed & Eberhard P.C.

Jonathan W. Henderson argued the cause for respondents Peter Zaikin and Modern Tech Construction, Inc. With him on the brief was Davis Rothwell Earle & Xóchihua, P.C.

James A. Wickwire argued the cause for respondent Mike Anfilofieff. With him on the brief was Harris, Wyatt & Amala, LLC.

Before Duncan, Presiding Judge, and Wollheim, Judge, and Lagesen, Judge.

DUNCAN, P. J.

**DUNCAN, P. J.**

This appeal relates to the same construction litigation as our decision in *Riverview Condo. Assn. v. Cypress Ventures (A150586)*, 266 Or App 574, 339 P3d 447 (2014). Whereas *Riverview Condo. Assn. (A150586)* involved claims by the condominium association against, among others, Brookfield Development, Inc. (Brookfield), which was the general contractor that built the condominiums, this appeal concerns Brookfield's third-party claims for contribution and indemnity against its subcontractors.[1] As we explained in *Riverview Condo. Assn. (A150586)*, the trial court ruled that the condominium association's construction-defect claims against Brookfield were barred by the statute of repose. 266 Or App at 583. At that point, the subcontractors moved for summary judgment against Brookfield's third-party claims, arguing that the dismissal of the underlying claims against Brookfield eliminated the predicate for any third-party liability. The trial court agreed and granted the motion, entering a limited judgment in favor of the subcontractors. Brookfield then initiated this appeal, seeking to preserve its third-party claims in the event that the judgment in Brookfield's favor on the underlying claims were to be reversed on appeal.

In *Riverview Condo. Assn. (A150586)*, that contingency came to pass: We reversed the judgment in Brookfield's favor and remanded the condominium association's construction-defect claims for further proceedings. 266 Or App at 611. Hence, the predicate for the trial court's ruling—*i.e.*, dismissal of the underlying claims—is gone, and the appropriate remedy is to reverse and remand the judgment on the third-party claims as well.

Two of the subcontractors, however, raise a jurisdictional challenge that, in their view, precludes that remedy.[2] On appeal, those subcontractors argue for the first time

---

[1] The subcontractors remaining as respondents are Peter Zaikin, dba Anytime Construction, Mike Anfilofieff, dba Final Finish Carpentry, and Modern Tech Construction, Inc.

[2] Respondents Modern Tech Construction, Inc. and Peter Zaikin filed a motion to dismiss for lack of jurisdiction, and the Appellate Commissioner deferred the resolution of that motion to the merits panel.

that Brookfield's third-party claims are not ripe, because common-law indemnity claims and statutory contribution claims do not accrue until the party seeking indemnity or contribution has actually made a payment to a third party. *See Rains v. Stayton Builders Mart, Inc.*, 264 Or App 636, 670, 336 P3d 483 (2014) ("That understanding of the discharge element—that actual payment is required before an indemnity plaintiff has a right to indemnity—has not since been called into question by any Oregon cases and is consistent with the treatment of the issue in the *Restatement (Third) of Torts* * * *."); ORS 31.800(2) ("The right of contribution exists only in favor of a tortfeasor who has paid more than a proportional share of the common liability, and the total recovery of the tortfeasor is limited to the amount paid by the tortfeasor in excess of the proportional share. No tortfeasor is compelled to make contribution beyond the proportional share of the tortfeasor of the entire liability."). It follows, the subcontractors argue, that contribution and indemnity claims are not ripe until the underlying liability has been determined and the judgment has been paid by the third-party plaintiff, and Brookfield's third-party claims are therefore not yet justiciable. *See McIntire v. Forbes*, 322 Or 426, 434, 909 P2d 846 (1996) ("For a claim to be justiciable, '[t]he controversy must involve present facts as opposed to a dispute which is based on future events of a hypothetical issue.' *Brown v. Oregon State Bar*, 293 Or 446, 449, 648 P2d 1289 (1982)."); *Yancy v. Shatzer*, 337 Or 345, 349, 97 P3d 1161 (2004) (explaining that ripeness is "[e]ncompassed within the broad question of justiciability").

The subcontractors acknowledge that, for more than three decades, ORCP 22 has allowed a third-party complaint to be filed against a party "who is or may be liable to the third party plaintiff for all or part of the plaintiff's claim against the third party plaintiff." *See Kahn v. Weldin*, 60 Or App 365, 371, 653 P2d 1268 (1982), *rev den*, 294 Or 682 (1983) (explaining that the purpose of the "may be liable" language in Rule 22 "is to promote the expeditious and economical adjudication in a single action of the entire subject matter arising from a set of facts, including claims contingent on the determination of other issues in the case");

*see also Marton v. Ater Construction Co., LLC*, 256 Or App 554, 561, 302 P3d 1198 (2013) ("ORCP 22 C(1) does not alter the substance of a contribution claim under ORS 31.800 or a common-law claim for indemnity. ORCP 22 is a *procedural* rule that affects the timing—not the elements—of third-party claims." (Emphasis in original.)). That rule, the subcontractors argue, "cannot permit Oregon courts to decide unripe cases. To the extent ORCP 22 C does permit Oregon courts to decide unripe, contingent third party claims, it is unconstitutional as ultra vires."

We are not persuaded by the subcontractors' ripeness arguments, which would unreasonably restrict the ability of courts to decide what are genuine and present controversies between potentially liable parties. "[R]ipeness depends on whether the controversy involves present facts as opposed to hypothetical future events." *Menasha Forest Products Corp. v. Curry County Title*, 234 Or App 115, 120, 227 P3d 770 (2010), *rev'd in part on other grounds*, 350 Or 81, 249 P3d 1265 (2011). However, as we have previously noted, "'[p]resent facts' and 'hypothetical future events,' *** do not announce themselves as such," and "[r]ipeness is often a matter of degree." *Id.* at 120-21. The fact that a controversy might involve some unsettled questions or contingencies does not, by itself, render the case "unripe" or mean that the controversy as a whole is "contingent" and therefore not justiciable. *See, e.g., McIntire*, 322 Or at 434 (concluding that, although operation of the legislation challenged in that case was "contingent" on funding that "may or may not be committed[,]" "[t]hat uncertainty *** does not prevent ripeness for decision").

In our view, the third-party claims at issue in this case are based on present, as opposed to hypothetical, facts. The parties have a present dispute about their respective roles and responsibilities relating to the construction of the Riverview Condominium, and the only true contingency—discharge of the underlying liability—will flow directly from the resolution of issues within the case itself. We are not persuaded that such a minimal degree of "contingency"—given that the law presumes that Brookfield will satisfy any obligation to the condominium association and provides

enforcement mechanisms if it does not[3]—is sufficient to render this controversy nonjusticiable, given the parties' present and competing interests in determining their respective fault based on completed events. Nor are we persuaded that ORCP 22, by authorizing an accelerated timeline for deciding these types of controversies, runs afoul of constitutional ripeness principles. Accordingly, we reject the subcontractors' jurisdictional challenge, as well as their related challenge to the constitutionality of ORCP 22, and we reverse and remand the judgment dismissing Brookfield's third-party claims for further proceedings.[4]

Motion to dismiss denied. Judgment reversed and remanded as to third-party claims against Peter Zaikin, dba Anytime Construction, Mike Anfilofieff, dba Final Finish Carpentry, and Modern Tech Construction, Inc.; otherwise affirmed.

---

[3] *See, e.g.,* ORS 18.150 (concerning judgment liens); ORCP 83 (provisional process); ORCP 84 (attachment); OEC 311(1)(f) (creating an evidentiary presumption that "[a]n obligation delivered to the debtor has been paid").

[4] Brookfield also brought a negligence claim against the subcontractors. That claim was dismissed for other reasons and is not at issue on appeal.