Argued and submitted September 16, appeal dismissed
December 3, 2014

LIBERTY OAKS HOMEOWNERS ASSOCIATION,
an Oregon non-profit corporation,
*Plaintiff,*

*v.*

LIBERTY OAKS, LLC,
an Oregon limited liability company;
J.T. Smith Companies, an Oregon corporation;
and Jeffrey D. Smith, an individual,
*Defendants.*

LIBERTY OAKS HOMEOWNERS ASSOCIATION,
an Oregon non-profit corporation;
J.T. Smith Companies, an Oregon corporation;
and Jeffrey D. Smith, an individual,
*Third-Party Plaintiffs-Appellants,*

*v.*

A & D PRESTIGE BUILDING, LLC,
an Oregon limited liability company;
Rain-Master Roofing Co., Inc., an Oregon corporation;
and Rex Hill Masonry, Inc., an Oregon corporation,
*Third-Party Defendants,*
*and*

ADVANCED CONSTRUCTION,
an assumed business name of Vasily A. Sharabarin;
Home Exteriors, Inc., nka Bela, Inc.,
an Oregon corporation;
and Square Deal Concrete Construction Incorporated,
an Oregon corporation,
*Third-Party Defendants-Respondents.*

D.L. LYTSELL CONSTRUCTION, INC.,
an Oregon corporation,
*Fourth-Party Plaintiff,*

*v.*

ANGELFIRE, INC.,
an Oregon corporation,
*Fourth-Party Defendant.*

Washington County Circuit Court
C096255CV; A149141

341 P3d 109

W. Frank Elsasser argued the cause for appellant Liberty Oaks Homeowners Association. With him on the briefs were Elsasser Law Office; Richard Levin and Richard Levin Law Group.

Skip Winters, Jason A. Gardner, and Bodyfelt Mount LLP, appeared for appellants J.T. Smith Companies and Jeffrey D. Smith.

Jonathan Henderson argued the cause for respondents. With him on the brief were Christopher J. Drotzmann, Patrick C. Wylie, and Davis Rothwell, Earle & Xochihua, P.C.

Before Duncan, Presiding Judge, and Lagesen, Judge, and Wollheim, Senior Judge.

LAGESEN, J.

**LAGESEN, J.**

This appeal arises out of a construction-defect case. We conclude that the appeal is moot and, accordingly, dismiss.[1]

This case involves a common configuration of parties in construction-defect cases. The Liberty Oaks Homeowners Association (the HOA) sued the original set of appellants in this matter, Liberty Oaks, LLC, J.T. Smith Companies, and Jeffery D. Smith (developers), alleging that developers were responsible for construction defects in the Liberty Oaks townhomes. Developers, in turn, filed a third-party complaint under ORCP 22 C against various subcontractors that worked on the project, including respondents in this matter, Advanced Construction, Home Exteriors, Inc., and Square Deal Concrete Construction Incorporated (subcontractors). In accordance with the specifications of ORCP 22 C, the claims alleged in the third-party complaint—for contribution and indemnity—were derivative of the claims alleged in the HOA's primary complaint. Specifically, the operative third-party complaint alleged that, "if" developers were found liable to the HOA, then developers would be entitled to contribution from subcontractors. The third-party complaint also alleged that, "to the extent" developers were found liable to the HOA, subcontractors would be liable to developers to the same extent.

The trial court granted summary judgment to developers against the HOA on the ground that the HOA's claims were barred by the statute of limitations. It granted summary judgment to subcontractors against developers on the third-party claims on the ground that those claims also were time-barred. The trial court thereafter entered separate judgments dismissing both the HOA's primary complaint and the developers' third-party complaint.

The HOA thereafter appealed the judgment dismissing the primary complaint. Developers, in turn, appealed the

---

[1] Respondents previously moved to dismiss the appeal on the ground that the claims alleged in the third-party complaint are not ripe and that the appeal was nonjusticiable for that reason. We have denied that motion by a separate order based on our decision in *Riverview Condo. Assn. v. Cypress Ventures (A149542)*, 266 Or App 612, 338 P3d 755 (2014), which rejected an identical argument regarding justiciability.

judgment dismissing the third-party complaint, presumably to protect their ability to seek contribution and indemnity from subcontractors in the event that the HOA obtained a reversal of the judgment dismissing the primary complaint. According to information provided to us by the parties, the HOA thereafter settled with developers and dismissed its appeal, leaving in place the judgment dismissing with prejudice the HOA's primary complaint against developers. As part of the settlement, developers assigned their rights in this appeal to the HOA, and the HOA has continued to prosecute the appeal as the assignee of developers. That is, for purposes of this appeal, the HOA stands in the shoes of developers and seeks reversal of the dismissal of the third-party complaint.[2]

In the light of this procedural posture, subcontractors argue, among other things, that this appeal is moot. They point out that, as a result of the HOA's dismissal of its appeal, the trial court's judgment dismissing the HOA's primary complaint remains in effect and is no longer subject to reversal on appeal; in other words, the judgment's finality is no longer in doubt. Given the final judgment establishing that developers are not liable to the HOA, subcontractors argue that there is no longer any basis to impose liability on the derivative claims alleged in the third-party complaint. In response, the HOA (now standing in the shoes of developers) does not dispute that the judgment dismissing the primary complaint was not vacated as a result of the parties' settlement. Instead, the HOA argues that the developers' third-party claims are not moot because, according to the HOA, the settlement agreement between the HOA and developers allocates settlement amounts to subcontractors.

We agree with subcontractors that this appeal is moot. As the claims against subcontractors are pleaded in the third-party complaint, subcontractors' liability is contingent upon developers being found liable to the HOA on the claims alleged in the primary complaint. But, as noted, the judgment dismissing the HOA's primary complaint

---

[2] The HOA moved to substitute itself for Liberty Oaks, LLC, as appellant on appeal. We granted the motion, which is why the case caption identifies the HOA as both plaintiff and third-party plaintiff.

establishes as a matter of law that developers are not liable to the HOA on the claims alleged in the primary complaint. Although the HOA and developers chose to settle the HOA's appeal of the dismissal of the primary complaint, that settlement did not result in the reversal or vacation of the *judgment* dismissing the HOA's complaint. The HOA identifies no authority, and we are aware of none, that would permit us to disregard the legal effect of that judgment on the ground that the HOA and developers settled their dispute post-judgment. Accordingly, because the judgment dismissing the primary complaint establishes that developers are not liable to the HOA on the claims alleged in the primary complaint, the derivative claims alleged in the third-party complaint are moot, as is this appeal. *See First Commerce of America v. Nimbus Center Assoc.*, 329 Or 199, 207-08, 986 P2d 556 (1999) (derivative third-party claims became moot upon dismissal of primary claims); *Sells v. Blazer Homes, Inc.*, 203 Or App 317, 319, 124 P3d 1249 (2005).[3]

Appeal dismissed.

---

[3] Our decision is without prejudice to the ability of any party to seek relief under ORCP 71 in the trial court, although we express no opinion on the appropriateness of granting or denying such relief, if it is sought. *See Marton v. Ater Construction Co., LLC*, 256 Or App 554, 557-58, 302 P3d 1198 (2013) (discussing process employed in similarly postured case).